A. P. LINN COCHRAN v. LEVI M. STEWART and Another.[1]

November 6, 1896.

Nos. 10,066—(81).

**Ejectment—Jury—Waiver—Second Trial.**
  Where the parties in an action of ejectment waived a jury trial before the first trial, and the case was tried by the court without a jury, *held*, such waiver did not waive a jury on a second trial obtained under the statute by paying the costs and demanding a second trial after the entry of judgment on the first trial.

Appeal by plaintiff from a judgment of the district court for Hennepin county, adjudging that the action be dismissed, entered in pursuance of the order of Smith, J. Reversed.

*Gilfillan, Willard & Willard,* for appellant.
*Young & Lightner,* for respondents.

MITCHELL, J. This is an action of ejectment. Prior to the first trial the case was on the calendar, and on the first day of the term the parties waived a jury trial. The case was tried by the court, resulting in a decision for plaintiff. On appeal a new trial was granted. The case was again tried by the court, resulting in a decision for defendants. After affirmance on a second appeal from an order denying a new trial, judgment was entered for defendants, the costs were paid by plaintiff, and a second trial demanded under the statute (G. S. 1894, § 5845). The case was again noticed for trial, and on the first day of the term plaintiff demanded a jury trial, which was refused. The demand was repeated when the case was called for trial during the term, and again refused. Thereupon the plaintiff refused to proceed with the trial before the court without a jury, or to introduce any evidence, and the case was by order of the court dismissed. From the judgment of dismissal plaintiff appeals.

The only question presented for our consideration is whether waiving a jury trial before the first trial was a waiver of a jury trial on the last trial. In our opinion it was not. Conditions may be wholly different at the second trial from what they were at the first. There

[1] Reported in 68 N. W. 972.

may be a different judge, and the jury to be obtained may also be different in character. Then it is hardly fair to presume that by waiving a jury for one trial the parties intended to waive a jury for any further trial that may be had under the statute, and we cannot hold this to be the meaning of their agreement.

Judgment reversed and a new trial granted.