JOHN SCHUMACHER v. CRANE-CHURCHILL COMPANY.

FILED NOVEMBER 19, 1902. No. 12,205.

Commissioner's opinion, Department No. 2.

1. **Ejectment: EQUITABLE DEFENSE: TRANSFER TO EQUITY DOCKET: LEGAL ISSUE: REQUEST FOR JURY.** An order transferring an action in ejectment to the equity docket because of equitable defenses raised in an answer, will not preclude the moving

party from demanding that the purely legal issues be tried by jury, if his request for a jury trial is timely and is insisted upon.

2. ——: ——: ——: ——: ——: WAIVER. In such case, going to trial upon all the issues, without demanding a jury as to any of them, is a waiver of a jury as to that trial.

3. Ejectment: WAIVER OF JURY AT FIRST TRIAL: SECOND TRIAL. A waiver of a jury at the first trial in ejectment, will not have the effect of precluding either party from demanding a jury at the second trial, after the judgment rendered at the first trial has been set aside under section 630, Code of Civil Procedure.

ERROR from the district court for Douglas county. Action in ejectment. Equitable defense. Tried below before JESSEN, J. Judgment for defendant. *Reversed.*

*Byron G. Burbank* and *Eleazer Wakeley,* for plaintiff in error.

*C. H. Balliet* and *Kennedy & Learned, contra.*

POUND, C.

Although a number of difficult and interesting questions were argued, we need only consider the assignment that the court erred in denying the plaintiff a jury trial. The action is in ejectment. After the defendant had answered, plaintiff moved that the cause be transferred to the equity docket, for the reason that certain equitable defenses were set up. This motion was granted, the cause was transferred, and at the May term, 1900, the whole case was tried to the court, without objection, and a judgment rendered. At the same term this judgment was vacated and the cause resubmitted, without further trial, after which a new judgment was entered. Thereupon the plaintiff moved for a new trial under section 630, Code of Civil Procedure, and an order was entered, pursuant to said section, sustaining the motion and continuing the cause to the next term. At the February term, 1901, as the cause was coming on for trial, the plaintiff filed a written mo-

tion or demand that a jury pass upon the issues of a legal nature, namely, whether he had a legal estate in the premises in controversy and was entitled to possession thereof. The motion was overruled, and the request was denied, to which the plaintiff excepted. Thereafter, in due course, the whole cause was tried to the court, over plaintiff's objection, and findings and judgment were entered, from which he prosecutes error.

We are satisfied that the order transferring the cause to the equity docket because of the equitable defenses set up in the answer did not preclude the party who procured the order from demanding that the purely legal issues be tried by jury, if his request for a jury trial was timely and was insisted upon. It has been decided that an order transferring a cause to the equity docket is not an adjudication that the parties are not entitled to a jury trial, and that if demand is made prior to the time the cause is called for trial, it is error to deny a jury. *Lett v. Hammond,* 59 Nebr., 339. In that case, the cause was transferred at the instance of one party, while the other demanded a jury. But the distinction would not be material unless it could be said that the application to have the cause transferred was an assertion that there was nothing for a jury to try, and estopped the moving party from assuming a contrary position subsequently. This can not be true, for the same reason that the order transferring the cause is not a decision whether the parties are entitled to a jury. The whole case is not of necessity triable to the court without a jury because there are incidental issues which are equitable in their nature. *Lett v. Hammond, supra; Yager v. Exchange Nat. Bank,* 52 Nebr., 321. By asking for the transfer, plaintiff merely asserted that there were equitable issues proper for the court to decide. He did not assert that there was nothing for a jury. Under a practice not unlike ours, it has been held more than once that consent that a case in which the facts require both equitable and legal relief should be placed on the equity docket for trial does not of itself waive the right to have the issues

requiring purely legal relief tried by a jury. *Wheelock v. Lee*, 74 N. Y., 495; *Underhill v. Manhattan R. Co.*, 27 Abb. N. Cas. [N. Y.], 478; *Eggers v. Manhattan R. Co.*, 27 Abb. N. Cas. [N. Y.], 463. This must be so, since the practice of trying to the court the equitable defenses, by reason of which the right to maintain the action at law is challenged, and thereafter, if the disposition of the equitable defenses makes it necessary, trying the purely legal controversy, which is the gist of the case, to a jury, is well settled. *Arguello v. Edinger*, 10 Cal., 150; *Swascy v. Adair*, 88 Cal., 179, 25 Pac. Rep., 1119; *Basey v. Gallagher*, 20 Wall. [U. S.], 670; *Smith v. Bryce*, 17 S. Car., 538, 544. We think, therefore, that the motion to transfer the cause to the equity docket and the order in accordance therewith, did not, of themselves, amount to waiver of a jury, especially as the equitable defenses in this case were relatively of little moment. There can be no doubt, however, that the plaintiff waived a jury at the first trial by going to trial upon all the issues without demanding a jury as to any of them. The statutory method of waiving a jury is not exclusive. Any unequivocal acts or conduct which clearly show a willingness or intention to forego the right, and are so treated by the trial court without objection, will have that effect. *McCarty v. Hopkins*, 61 Nebr., 550; *Poppitz v. German Ins. Co.*, 85 Minn., 118, 88 N. W. Rep., 438. When the whole case was tried and submitted to the court without objection, the right to a jury was waived. *Baumann v. Franse*, 37 Nebr., 807; *Gregory v. Lancaster County Bank*, 16 Nebr., 411.

It becomes necessary to consider next whether waiver of a jury at the first trial operated to prevent the plaintiff from demanding one at the second trial, after the judgment had been set aside under section 630, Code of Civil Procedure. The waiver arose by implication only, and was not made by stipulation or agreement in open court. But we do not think that circumstance material. In either event, when a trial has been had to the court, pursuant to the waiver, the waiver has done its work and lost its force;

and when subsequently, for any reason, an entirely new trial becomes necessary, neither party is precluded by the action taken with reference to the former trial, but may demand a jury, or not, as he is advised or may elect. In *Cochran v. Stewart,* 66 Minn., 152, 68 N. W. Rep., 972, this very question was presented under circumstances not without analogy to the case at bar. The action was one in ejectment, and it was claimed that a waiver of a jury at the first trial operated to waive a jury at the second trial, obtainable as of course under the statute. The court held that it was of no force at the second trial, saying: "Conditions may be wholly different at the second trial from what they were at the first. There may be a different judge, and the jury to be obtained may also be different in character. Then it is hardly fair to presume that by waiving a jury for one trial the parties intended to waive a jury for any further trial that may be had under the statute, and we can not hold this to be the meaning of their agreement." In *Cross v. State,* 78 Ala., 430, the court held, for substantially the same reasons, that such a waiver should be construed, ordinarily, to apply only to the particular trial with reference to which it is made. And it seems to be well settled that the waiver will not prevent a demand for jury trial at a second trial after the cause has been remanded from an appellate court. *Hopkins v. Sanford,* 41 Mich., 243, 2 N. W. Rep., 39; *Benbow v. Robbins,* 72 N. Car., 422; *Osgood v. Skinner,* 186 Ill., 491, 57 N. E. Rep., 1041; *Burnham v. North Chicago St. R. Co.,* 32 C. C. A., 64, 88 Fed. Rep., 627. The many cases which hold that a waiver of jury trial may not be withdrawn are not in point, since, until the trial has been had, it may be said plausibly that the parties are bound by their election as to the form of trial. Moreover, there are well-considered authorities to the contrary. *Ferrea v. Chabot,* 121 Cal., 233, 53 Pac. Rep., 689, 1092; *Wittenberg v. Onsgard,* 78 Minn., 342, 81 N. W. Rep., 14, 47 L. R. A., 141; *Brown v. Chenoworth,* 51 Tex., 469. Neither is our conclusion affected by *Boslow v. Shenberger,* 52 Nebr., 164, 66 Am. St.

Rep., 487. In that case, there had been a waiver at a previous term, and it was presumed that the waiver was general, and not limited to the term at which it was made, in the absence of anything in the record to the contrary. No trial had been had, and until there was a trial, the waiver entered into with reference thereto remained in force.

We recommend that the judgment be reversed and the cause remanded for a new trial.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause is remanded for a new trial.

REVERSED AND REMANDED.