SHORES COMPANY, Appellee, v. IOWA CHEMICAL COMPANY, an Iowa Corporation, Defendant, Appellant, IOWA CHEMICAL COMPANY, a Copartnership, et al., Defendants, Appellees.

No. 43472.

JULY 31, 1936.

348

E. E. Collins, for appellant, Iowa Chemical Company.

Trewin, Simmons & Trewin, for appellee, Shores Company.

G. P. Linville, for C. E. Mueller, appellee.

MITCHELL, J.—On the 13th day of October, 1934, the Shores Company, a corporation, commenced this action at law on an account, with a prayer for the appointment of a receiver, against the Iowa Chemical Company, an Iowa corporation, C. H. Otto and C. E. Mueller, a copartnership, and C. E. Mueller and C. H. Otto as individuals. A general denial was filed on November 13, 1934, by all the defendants except C. H. Otto, and default judgment was entered against him. The defendants were represented by G. P. Linville, an attorney in the practice of law at Cedar Rapids, Iowa. The case was assigned for trial before a jury at the January 1935 term. On the 18th day of January, 1935, before the case was reached for trial, the following written stipulation was entered into and filed:

"Come now the plaintiff and the defendants, Iowa Chemical Company and C. E. Mueller, by their attorneys, and agree to waive trial to a jury and that said case may be tried to the court.

"Dated this 18th day of January, 1935.
(Signed) "Trewin, Simmons & Trewin,
Attorneys for Plaintiff.
"G. P. Linville,
Attorney for defendants,
Iowa Chemical Company and C. E. Mueller."

On the same day the following record entry was made:

"Now, to-wit, on this 18th day of January, 1935, this cause comes on for hearing before the court, Hon. F. O. Ellison, presiding Judge, Trewin, Simmons and Trewin appearing as attor-

neys for the plaintiff, and G. P. Linville appearing as attorney for the defendant, Iowa Chemical Company, an Iowa corporation. * * * Both parties agree to waive a jury and try this case to the court or a Judge.''

On March 28, 1935, an amended and separate answer was filed for the Iowa Chemical Company (but not for C. E. Mueller), which in addition to a general denial, by a separate count, included a counter-claim for damages against the plaintiff arising out of alleged damaging statements made by plaintiff's salesman with respect to the Iowa Chemical Company, and also prayed for an injunction, and for equitable relief. This answer was signed by E. E. Collins as attorney for defendant. We do not set out in detail the claims of the Iowa Chemical Company as filed in its amended answer as these questions are not involved in the case at this time.

On the 17th day of June, 1935, after said cause had been assigned for trial before the court, without a jury, but before trial, the Iowa Chemical Company filed its motion for a continuance and demand for a jury trial, in which it alleged that the waiver of trial by a jury in said cause was made by the attorney then representing the Iowa Chemical Company without its knowledge or consent. To this motion for continuance and demand for jury trial plaintiff filed a resistance, and the cause came on for hearing on the motion and amendment thereto and the resistance filed. After argument thereon the court overruled said motion. The Iowa Chemical Company duly excepted, and from the ruling upon the said motion the Iowa Chemical Company has appealed to this court.

There are but two issues to be determined—First: Did the attorney have authority to bind his client by the stipulation waiving a jury, which his client claims was made without its knowledge or consent? Second: The cause having been continued from the term at which the stipulation of waiver was entered into, was the waiver binding upon the defendant at a subsequent term? In this order we will discuss these questions.

I. It is conceded that G. P. Linville was the attorney representing the appellant company at the time the general denial was filed and when the stipulation waiving the jury was entered into. He was duly employed to represent the company, and proceeded to do so.

When one hires an attorney to represent him in litigation, that attorney has full charge of the case as far as procedure and remedy are concerned. He is trained and skilled in the law. A client has no knowledge of procedure and entrusts this to the attorney he employs.

In 2 R. C. L., section 63, page 986, we find the following:

"An attorney of record, by virtue of his employment as such, subject to the approval of the court, has implied authority to do all acts necessary and proper to the regular and orderly conduct of the case, and affecting the remedy only and not the cause of action, and such acts, in the absence of fraud, will be binding on the client, though done without consulting him, and even against his wishes."

In 6 C. J., section 146, at page 641, it is said:

"The general implied authority of an attorney by virtue of his employment includes the doing on behalf of his client of all acts in or out of court necessary or incidental to the transaction or management of the suit, or to the accomplishment of the purpose for which he has been retained, and which affect only the remedy and not the cause of action. The choice of proceedings, the forum, the manner of trial, and all matters of procedure, and the like are within the sphere of his general authority, and as to these matters his client is bound by his action."

In 6 C. J., section 147, at page 643, it is said:

"The line of demarcation between the respective rights and powers of an attorney and his client is clearly defined. The cause of action, the claim or demands sued upon, and the subject matter of the litigation are all within the exclusive control of a client; and an attorney may not impair, compromise, settle, surrender or destroy them without his client's consent. But all the proceedings in court to enforce the remedy, to bring the claim, demand, cause of action or subject matter of the suit to hearing, trial, determination, judgment and execution are within the exclusive control of the attorney."

In the recent case of State v. Froah, reported in 220 Iowa 840, at page 845, 263 N. W. 525, 528, this court said:

"The specifications of powers of an attorney contained in

the Code do not exclude all other powers. Ohlquest v. Farwell & Co., 71 Iowa 231, 233, 32 N. W. 277, 279, speaking of the powers of an attorney says:

" 'But he is, by his general employment, authorized to do all acts necessary or incidental to the prosecution or defense which pertain to the remedy pursued. The choice of proceedings, the manner of trial, and the like, are all within the sphere of his general authority, and, as to these matters, his client is bound by his action.' Rhutasel v. Rule, 97 Iowa 20, 65 N. W. 1013.''

In the case at bar there is no question that the attorney was properly employed; that the stipulation was entered into; that an order of court was entered, waiving a trial by jury. There is no evidence in this record which would show that Mr. Linville did not have authority to enter into the stipulation. In its motion and demand for jury trial, appellant alleged that the stipulation was entered into without authority upon the part of its attorney, but it offered no evidence to substantiate that charge. Mr. Linville is a lawyer of years of experience and one who bears a high reputation as a member of the bar of Iowa. In a pleading appellant admits that it knew in January of 1935 the stipulation had been entered into, and yet it made no effort to set aside that stipulation or to inform the court that it desired a jury trial, until after two terms of court and almost five months had passed. The case involves a suit on an account. It is in the nature of an accounting and would be complicated and difficult to present to a jury. The counter-claim interposed by appellant prays for an injunction and for equitable relief.

The burden of proving that Mr. Linville did not have authority to enter into the stipulation rested upon the appellant, and it has absolutely failed to meet that burden.

II. The second point argued is that the waiver, while binding at the January 1935 term, was confined to that term alone.

Code section 11519 provides three methods of waiving jury trial, and is as follows:

"Waiver of jury trial. Trial by jury may be waived by the several parties to an issue of fact in the following cases:

"1. By suffering default, or by failing to appear at the trial.

''2. By written consent, in person or by attorney, filed with the clerk.

''3. By oral consent in open court, entered in the minutes.''

Trial by jury may also be waived by implication or by going to trial without objection or without demand for a jury. Timonds v. Hunter, 169 Iowa 598, 605, 151 N. W. 961.

There seems to be no Iowa case which involves the facts such as are now before the court.

In the case of Schumacher v. Crane-Churchill Co., 66 Neb. 440, 92 N. W. 609, the Nebraska court said at page 610:

''It becomes necessary to consider next whether a waiver of a jury at the first trial operated to prevent the plaintiff from demanding one at the second trial, after the judgment had been set aside, under Section 630, Code Civ. Proc. The waiver arose by implication only, and was not made by stipulation or agreement in open court. But we do not think that circumstance material. In either event, when a trial has been had to the court, pursuant to the waiver, the waiver has done its work and lost its force; and when subsequently, for any reason, an entirely new trial becomes necessary, neither party is precluded by the action taken with reference to the former trial, but may demand a jury or not, as he is advised or may elect. * * * The many cases which hold that a waiver of jury trial may not be withdrawn are not in point, since, until the trial has been had, it may be said plausibly that the parties are bound by their election as to the form of trial. Moreover, there are well-considered authorities to the contrary. Ferrea v. Chabot, 121 Cal. 233, 53 Pac. 689, 1092; Wittenberg v. Onsgard, 78 Minn. 342, 81 N. W. 14, 47 L. R. A. 141; Brown v. Chenoworth, 51 Tex. 469. Neither is our conclusion affected by Boslow v. Shenberger, 52 Nebr. 164, 71 N. W. 1012, 66 Am. St. Rep. 487. In that case there had been a waiver at a previous term, and it was presumed that the waiver was general, and not limited to the term at which it was made, in the absence of anything in the record to the contrary. No trial had been had, and until there was a trial the waiver entered into with reference thereto remained in force.''

In Trainor v. Heath, 67 N. H. 384, 29 Atl. 846, the case was taken out of the jury assignment and the record marked ''issues to the court''. Referring to this the court said:

"By the agreement, the plaintiff waived her right of trial by jury. The waiver continues while the agreement is in force. There is no provision in the agreement by which the case is to be tried by a particular member of the court, or at a particular term, or by a jury at subsequent trials if the first does not result in a verdict. Its terms are general, and include all trials that are necessary to reach a decision of the issues. Case discharged."

In the case of Farmers Company v. Casualty Company, 184 Iowa 773, at page 775, 167 N. W. 204, 205, 169 N. W. 178, this court said:

"It is true that, when trial by jury is waived, it is waived as to trial of all issues existing at the time, except such as may arise upon further pleadings authorized by law. And, of course, one party to the waiver cannot cancel or withdraw it without the consent of the other. Thompson v. King, 173 Mass. 439, 53 N. E. 910; Henny Buggy Co. v. Patt, 73 Iowa 485, at page 489, 35 N. W. 587; In re Assignment of Hooker, 75 Iowa 377, at page 380, 39 N. W. 652; Hewitt v. Egbert, 34 Iowa 485, 486; Lazier G. E. Co. v. Yokum, 125 N. Y. S. 465; Tracy v. Falvey, 102 App. Div. 585, 92 N. Y. S. 625. While this is so, and the court cannot cancel the stipulation without the consent of all the parties to it, it is also true that it may cancel it upon such consent."

In the case at bar there was a written agreement duly entered into by the parties and approved by order of court, not only to waive the jury but to try the case to the court. This agreement is not limited, and no circumstances are presented by which any limitation can be inferred. It was signed by the attorney who admittedly then had full charge of the case for appellant, and there is no showing in this record that he did not have authority to enter into the stipulation. Such an agreement is recognized by the statute; it is based upon good consideration, and is binding on both parties.

The Maryland Supreme Court in Lanahan v. Heaver, 77 Md. 605, 26 Atl. 866, 20 L. R. A. 759, said:

"Each party promised or agreed with the other that he would relinquish his constitutional right to a jury trial, and the forbearance to exercise a legal right has always been held to be a sufficient consideration to support a contract."

354

The stipulation under consideration in this case was a general agreement, duly entered into, to waive the jury and try the case to the court. It was not limited to the term at which it was entered into. It provided for the trial of the case to the court, and the appellee is entitled to have the terms of the stipulation carried out. Until the case has been tried to the court, the agreement has not been satisfied or complied with. We are not here confronted with a case in which there has already been a trial to the court, but we are confronted with a case in which a stipulation was entered into, waiving a jury and agreeing to try the case to the court, and yet no trial has been held. The mere fact that two terms of court passed by since the stipulation was entered into, would not in any way alter the agreement to try the case to the court. The appellee is entitled to at least one trial to the court. This it has not as yet had.

It therefore follows that this case must be, and it is hereby, affirmed.—Affirmed.

PARSONS, C. J., and KINTZINGER, HAMILTON, STIGER, DONEGAN, and RICHARDS, JJ., concur.