70 N.W.2d 843 (1955)
Donel K. NEDROW and D. W. Harris, Executor of the Estate of Ethel B. Nedrow, deceased, Plaintiffs-Appellees,
v.
MICHIGAN-WISCONSIN PIPE LINE COMPANY, a Corporation, Defendant-Appellant.
No. 48719.
Supreme Court of Iowa.
June 7, 1955.
Jo. S. Stong, Keosauqua, Lane & Waterman, Davenport, for appellant.
Jones, White, Starr & Johnson, Ottumwa, D. W. Harris, Bloomfield, for appellees.
HAYS, Justice.
Appeal from an interlocutory ruling, permission having been granted by this Court.
Involved is a law action for condemnation damages. Attached to plaintiffs' petition was a request for a jury trial. On the *844 day the trial was commenced all parties agreed to waive a jury and the case was tried to Judge Dougherty, sitting without a jury. From a judgment for the plaintiffs, defendant appealed to this court where the same was reversed and remanded for a new trial. Nedrow v. Michigan-Wisconsin Pipe Line Co., Iowa, 61 N.W.2d 687. After the remand, defendant requested a jury trial which was denied. Thus, this appeal. The exact question presented does not appear to have previously been before this court.
Section 11429, Code 1939, and previous Codes, provided that "Issues of fact in an ordinary action must be tried by jury, unless the same is waived." 58 I.C.A. Rule 178, R.C.P., provides "All issues shall be tried to the court except those for which a jury is demanded. Issues for which a jury is demanded shall be tried to a jury unless the court finds that there is no right thereto or all parties appearing at the trial waive a jury in writing or orally in open court." Rule 177, R.C.P., supersedes Section 11429, supra. It provides, "(a) Jury trial is waived if not demanded * * *; but a demand once filed may not be withdrawn without consent of all parties not in default." While our Rules of Civil Procedure have changed the mechanics for obtaining a jury trial, no real substantive change has been made. A demand by one party inures to the benefit of the other. By the old rule, unless waived a jury trial resulted; by the new, unless demanded, no jury trial.
Both the old and the new procedure specifically mention "waiver". This court has many times defined the term. In re Sarvey's Estate, 206 Iowa 527, 219 N.W. 318, states that in order to constitute "waiver" there must be a voluntary and intentional relinquishment of a known right. See also, Smith v. Coutant, 232 Iowa 887, 6 N.W.2d 421. In American Locomotive Co. v. Chemical Research Corp., 6 Cir., 171 F.2d 115, 116, it is said: "to constitute a `waiver,' there must be an intentional relinquishment of a known right with both knowledge of its existence and intention to relinquish it".
The waiver in the instant case was made by a stipulation read into the record at the time of the start of the first trial. It was as follows: "* * * that by agreement this case shall be tried at Ottumwa, Iowa, before the Hon. Elmer K. Daugherty and without a jury * * *". That this is a waiver, as defined by all of the authorities, is conceded. Thereafter, had said cause for some reason or other been continued over to another term, it may have continued in effect. Shores Co. v. Iowa Chemical Co., 222 Iowa 347, 268 N.W. 581, 106 A.L.R. 198. Appellees contend such a waiver remains effective during the entire life of the case in which it was made, including any new trial that might be granted. We think both sound logic and the weight of authority points otherwise.
The instant case is before the trial court for a new trial following a reversal and remand by this court. In Seevers v. Cleveland Coal Co., 166 Iowa 284, 147 N.W. 761, we said that a reversal of the judgment on appeal with order for a new trial general in its terms, and with no direction to the trial court limiting its scope or effect, brings the case back for trial upon the issues joined just as if the former trial had never taken place. Thus the status of this case is as it was just before the commencement of the first trial and before the stipulation was made. Sound logic so dictates. As is said in Cochran v. Stewart, 66 Minn. 152, 68 N.W. 972, 973, "conditions may be wholly different at the second trial from what they were at the first. There may be a different judge, and the jury to be obtained may also be different in character. Then it is hardly fair to presume that by waiving a jury for one trial the parties intended to waive a jury for any further trial that may be had under the statutes." If we are to say that the right waived must be an existing one, or even one reasonably anticipated, then this waiver cannot be effective as a right to a new trial was not existant or reasonably anticipated.
Likewise, the great weight of authority is clearly against appellees' contention. The rule is that "the waiver of a jury on one trial generally does not affect the right of either of the parties to demand a jury on a second trial." 50 C.J.S. Juries, § 111 a(2); 31 Am.Jur. Jury, sec. 48; Annotation, 106 A.L.R. 203, 205; Schumacher v. Crane-Chuchill Co., 66 Neb. 440, 92 N.W. *845 609. In Shores Co. v. Iowa Chemical Co., 222 Iowa 347, 268 N.W. 581, 583, supra, while not directly involving this specific question, we quote with apparent approval from the Schumacher case, supra, as follows: "`When a trial has been had to the court, pursuant to the waiver, the waiver has done its work and lost its force; and when subsequently, for any reason, an entirely new trial becomes necessary, neither party is precluded by the action taken with reference to the former trial, but may demand a jury, or not, as he is advised or may elect'". We believe such to be a sound statement of the law, whether it be under our former statutes or under our present Rules of Civil Procedure.
For the reasons above stated, the ruling of the trial court must be reversed.
Reversed.
All Justices concur.