Althea Beal, Plaintiff-Appellee, v. Peter P. Booras,
Also Known as P. P. Booras, Defendant-Appel-
lant.

**Gen. No. 11,545.**

Second District, Second Division.
November 6, 1961.

Harold C. Lounsberry, of Rock Island, for appellant.

Dan H. McNeal, of Moline, for appellee.

SPIVEY, P. J.

In this appeal defendant-appellant contends, among other assignments of error, that he was improperly denied a trial by jury.

Plaintiff's complaint for declaratory judgment was filed in the Circuit Court of Rock Island County on the law side. Plaintiff made no demand for a trial by jury.

Defendant filed with the Clerk of the Circuit Court a verified pleading as a single document consisting of an answer and counterclaim for damages arising out of the same transaction.

Following the verification of the pleading, there appears the following, "Defendant demands a trial by jury in the above entitled cause. (Signed) Peter P. Booras."

Plaintiff filed a reply to the answer and counterclaim.

The record discloses and the plaintiff-appellee admits in her brief and argument that the issues as joined present issues of fact.

Prior to a hearing on the issues, the defendant filed a motion to strike the cause of action from the non-jury calendar for the reason that defendant had filed a proper and timely jury demand as provided by Section 64 of the Civil Practice Act.

A hearing on this motion was heard before Judge George O. Hebel who entered the following order,

". . . and the Court having examined the pleadings on file herein, . . . and being fully advised in the premises finds that the defendant as a part of his pleading entitled 'Answer and Counterclaim' and separately signed at the conclusion thereof demanded a trial by jury, but the said demand was not separately captioned and therefore not properly filed as required by Section 64 of the Illinois Civil Practice Act.

305

"It is therefore ORDERED that the aforesaid Motion be and the same hereby is overruled and a trial by jury of the issues herein be and the same hereby is denied.

". . ."

A trial without a jury was had on the issues as joined consisting of evidence, testimony, exhibits and argument of counsel.

The declaratory judgment entered in substance found the issues for the plaintiff on the complaint and found that there was insufficient evidence to support the allegations of the counterclaim. Concluding, the judgment ordered the relief as prayed in the complaint and dismissed and denied the counterclaim.

Section 64 of the Civil Practice Act, Chap 110, Sect 64, Ill Rev Stats 1959, c 110, § 64, provides in part, "A defendant desirous of a trial by jury must file a demand therefor not later than the filing of his answer."

■ Axiomatic is the rule that courts will jealously guard the right of a person to a trial by jury.

■ Section 64 of the Civil Practice Act will always be liberally construed to accord a litigant the right to such a trial. Rozell v. Gniadek, 348 Ill App 341, 109 NE2d 222, and Stephens v. Kasten, 383 Ill 127, 48 NE2d 508.

The demand in this case was filed with the clerk simultaneously with and not later than the filing of his answer.

■■ The plain language of Section 64 in no wise requires the constitutional or statutory right to a trial by jury to be separately captioned either as a separate instrument or otherwise.

The trial court erred in not affording the defendant a trial by jury.

Consideration of other assigned errors is unnecessary in that this case must be reversed and remanded.

The action of the Circuit Court of Rock Island County is reversed and remanded with directions to allow defendant's motion to strike the cause of action from the non-jury calendar and afford the defendant a new trial by jury.

Reversed and remanded with directions.

WRIGHT and CROW, JJ., concur.