**Edward A. SEYMOUR, Appellee,**

v.

**Kelli Ann SWART, Appellant.**

**No. 59675.**

Supreme Court of Oklahoma.

Feb. 5, 1985.

Edward A. Seymour, pro se.

Best, Sharp, Thomas, Glass & Atkinson by Walter D. Haskins, Tulsa, for appellant.

KAUGER, Justice.

The dispositive question is whether an initial waiver of trial by jury, and of the right to transfer a cause from the small claims docket to the regular docket of the district court, remains binding after the judgment is reversed on appeal and remanded for a new trial.

Edward A. Seymour, appellee, and Kelli Ann Swart, appellant, were involved in an automobile collision in which each of their cars received minor damage. Seymour, appearing *pro se*, filed suit in small claims division of the district court to recover $348.90 for damages sustained to his vehicle. Swart counter-claimed for damages to her car in the amount of $123.68. Neither party requested a jury trial, and the case was tried to the court. Judgment was entered for Seymour, and Swart appealed. The trial court's decision was reversed and the cause was remanded.

Following remand, Swart paid the requisite deposit for transfer of the case from the small claims docket to the district court docket, and timely filed a motion requesting a transfer and a jury trial. Both requests were denied, and judgment was again entered in favor of Seymour. Swart appealed, arguing that if the proper deposit is made forty-eight hours before the time set for the defendant's appearance pursuant to 12 O.S.1981 §§ 1757, 1761,[1] and if the defendant asks for a jury or to transfer the matter to the regular docket of the district court, the request must be granted. The Court of Appeals held that the trial court had properly construed the statute because the parties by initially electing not to demand a jury trial under 12 O.S.1981 § 1761, implicitly waived the right to jury trial or to transfer the cause from the small claims division of the district court. Certiorari was granted to consider the applicability of 12 O.S.1981 §§ 1757, 1761 to a case which has been tried to the court, appealed, and remanded for further pro-

1. It is provided by 12 O.S.1981 § 1757:
"On motion of the defendant the action shall be transferred from the small claims docket to another docket of the court, provided said motion is filed and notice given to opposing party at least forty-eight (48) hours prior to the time fixed in the order for defendant to appear or answer and, provided further, that the defendant deposit the sum of Thirty-five Dollars ($35.00) as the court cost, and thereafter the procedure prescribed by Title 28 of the Oklahoma Statutes, Section 151 to 161, shall prevail as to other costs, the action shall proceed as other civil actions and shall not proceed under the small claims procedure. The clerk shall enclose a copy of the order transferring the action from the small claims docket to another docket in an envelope addressed to the plaintiff, with postage prepaid. Within twenty (20) days of the date the transfer order is signed, the plaintiff shall file a petition that conforms to the standards of pleadings prescribed by the Code of Civil Procedures. The answer of the defendant shall

be due within twenty (20) days after the filing of the petition and the reply of the plaintiff in ten (10) days after the answer is filed. If the plaintiff ultimately prevails in the action so transferred by the defendant, a reasonable attorney's fee shall be allowed to plaintiff's attorney to be taxed as costs in the case."
Title 12 O.S.1981 § 1761 states:
"Actions under the small claims procedure shall be tried to the court. Provided, however, if either party wishes a reporter or jury, he must notify the clerk of the court in writing at least forty-eight (48) hours before the time set for the defendant's appearance and must deposit with said notice with the clerk Thirty Dollars ($30.00). The plaintiff and the defendant shall have the right to offer evidence in their behalf by witnesses appearing at such hearing, and the judge may call such witnesses and order the production of such documents as he may deem appropriate. The hearing and disposition of such actions shall be informal with the sole object of dispensing speedy justice between the parties."

ceedings in which trial by jury and transfer from the small claims division to the regular district court docket is waived at the beginning of trial proceedings.

On certiorari, Swart contends that the Okla. Const. art. 2 § 19 guarantees her the right to a jury trial,[2] and that 12 O.S. § 591 provides the only means by which a jury trial may be waived.[3] It is undisputed that Swart waived a jury trial prior to the first trial of the case. She asserts that her waiver is inapplicable to the new trial ordered on remand. Swart also claims that her motion was filed timely because the motion to transfer was filed forty-eight hours before the appearance date last ordered and set. The trial court and the Court of Appeals rejected this argument. We do not.

## WAIVER OF A JURY TRIAL IS NOT BINDING ON A SUBSEQUENT TRIAL

Except as modified by the Oklahoma Constitution, the right to trial by jury remains inviolate. This right, which is guaranteed by the United States Constitution, follows the common law rule prevailing at the time of the adoption of the Oklahoma Constitution and of the admission of Oklahoma into the Union.[4] At common law, a party could not be deprived of the right to trial by jury except by expressly waiving that right.[5] Where the Constitution provides that the right of trial by jury shall be inviolate, legislation must be both construed strictly and observed vigilantly in favor of the right.[6] This right cannot be abrogated arbitrarily by a court; it can be surrendered only by voluntary consent or waiver.[7] Likewise, statutes which fix the time within which a jury must be demanded and which provide for a waiver of the jury should be construed liberally in favor of the party asserting the right to trial by jury.[8] The policy favoring jury trials is of historic and continuing

---

**2.** The right of trial by jury is controlled by the Okla. Const. art. 2 § 19:

"The right of trial by jury shall be and remain inviolate, except in civil cases wherein the 'amount in controversy does not exceed One Hundred Dollars ($100.00), or in criminal cases wherein punishment for the offense charged is by fine only, not exceeding One Hundred Dollars ($100.00). Provided, however, that the Legislature may provide for jury trial in cases involving lesser amounts. Juries for the trial of civil and criminal cases shall consist of twelve (12) persons; but in the trial of misdemeanors, proceedings for the violation of ordinances or regulations of cities and towns, juvenile proceedings, actions for forcible entry and detainer, or detention only, of real property and collection of rents therefor, and civil cases concerning causes of action involving less than Twenty-five Hundred Dollars ($2,500.00), juries shall consist of six (6) persons. In civil cases, and in criminal cases less than felonies, three-fourths (¾) of the whole number of jurors concurring shall have power to render a verdict. In all other cases the entire number of jurors must concur to render a verdict. In case a verdict is rendered by less than the whole number of jurors, the verdict shall be in writing and signed by each juror concurring therein."

**3.** The general statute governing transfers, 12 O.S.1981 § 591 states:

"The trial by jury may be waived by the parties, in actions arising on contract, and with the assent of the court in other actions, in the following manner: By the consent of the party appearing, when the other party fails to appear at the trial by himself or attorney. By written consent, in person or by attorney, filed with the clerk. By oral consent, in open court, entered on the journal."

**4.** *Maryland Nat. Ins. Co. v. Dist. Ct. of Okla. Co.,* 455 P.2d 690, 692 (Okla.1969) *cert. den'd* 396 U.S. 25, 90 S.Ct. 198, 24 L.Ed.2d 145 (1969); *Hamil v. Walker,* 604 P.2d 377–78 (Okla.1979); *Mathews v. Sniggs,* 75 Okl. 108, 182 P. 703, 709 (1919); *Keeter v. State,* 82 Okl. 89, 198 P. 866, 867, 869, 17 A.L.R. 557 (1921).

**5.** *Seron v. Carlson,* 280 Ill.App. 396, 398 (1935).

**6.** *Jackson v. General Finance Corp.,* 208 Okl. 44, 253 P.2d 166, 168 (1953); *Ford v. State,* 330 P.2d 214–15 (Okla.Crim.1958); *Crow v. State,* 39 Okl.Cr. 145, 263 P. 677–78 (1928).

**7.** *Mougell v. State,* 97 Okl.Cr. 180, 260 P.2d 447 (1953).

**8.** *Beal v. Booras,* 32 Ill.App.2d 304, 177 N.E.2d 717, 718 (1961); *De Castro v. Rowe,* 223 Cal. App.2d 547, 36 Cal.Rptr. 53, 61 (1963); *Stansell v. Fowler,* 113 Ga.App. 377, 147 S.E.2d 793, 797 (1966).

strength[9]—insofar as the constitutional right to jury trial exists, it cannot be annulled, obstructed, impaired, or restricted by legislative or judicial action.[10]

Although this case does present an issue of first impression, our decision in *Interstate Brands Corp. v. Stephens*, 615 P.2d 297 (Okla.1980), is instructive. In *Interstate*, the defendant made an initial appearance December 18, 1979. After several continuances, on March 18, 1980 (seven days before the appearance date last ordered), the defendant asked for a transfer. The trial court initially granted the motion but later rescinded its action, holding that the transfer order was ineffective. This Court, in upholding the defendant's right to transfer his cause, held that the statute did not limit a motion to transfer to filing before the original appearance date, and that the determinative requisite of § 1757 is that the motion be filed forty-eight hours before the "time fixed in order for defendant to appear." [11]

■ Cases involving the issue of whether the waiver of jury trial continues when a judgment is reversed on appeal and the action is remanded for a new trial have reached varying results, depending to a large degree upon the governing statute or court rule. The majority view is that in the absence of a statute or stipulation compelling a contrary conclusion, a waiver of a jury trial is not binding on a subsequent trial if the right to trial by jury is otherwise applicable. The right of trial by jury may be demanded and exercised as if the remanded proceedings were initiated afresh. The minority position is that a waiver of jury trial cannot be retracted, and that relinquishment of the right remains in full force and effect during the entire pendency of the litigation.[12] We find that the majority view is better reasoned, and that when a cause is remanded for new trial, its status is the same as before the commencement of the first trial.[13]

■ Waiver is defined as the voluntary and intentional relinquishment of a known right.[14] If we are to conclude that the right waived must be an existing one, or even a right reasonably anticipated, there can be no implied waiver of the right to trial by jury or transfer of the cause to district court. This is so because at the time the transfer and jury trial were waived, the right to a new trial was neither existent nor reasonably anticipated.[15] A judgment reversed and remanded with directions to grant a new trial, results, ex-

**9.** *Simler v. Conner*, 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691, 693 (1963).

**10.** *Ex Parte Peterson*, 253 U.S. 300, 305–306, 40 S.Ct. 543, 544–546, 64 L.Ed. 919, 922–23 (1920); *Slocum v. New York L. Ins. Co.*, 228 U.S. 364, 382, 33 S.Ct. 523, 530, 57 L.Ed. 879, 888 (1913).

**11.** *Thompson v. Blagg*, 294 P.2d 577 (Okla.1955) is cited to support Swart's position. In *Thompson v. Blagg*, each parties originally waived the right to a jury trial. After a trial by the court and entry of judgment, the judgment was vacated by the trial court and the case reset for a new trial. At that time one of the parties asked for a jury trial *one day before the scheduled new trial.* The trial court denied this motion and this Court held that the trial court did not abuse its discretion in refusing the defendant's demand for a jury trial. However, it is not clear from this Court's opinion whether the basis for denying the jury trial was the fact that the defendant asked for a jury trial only twenty-four (24) hours before the new trial was scheduled, or whether the defendant had waived his right initially before the first trial of the case.

**12.** Annot. "Waiver of right to jury trial as operative after expiration of term during which it was made, or as regular subsequent trial." 106 A.L.R. 203 (1937). And Annot. "Withdrawal or disregard of waiver of jury trial in civil actions," 64 A.L.R.2d 506 (1959) for cases holding that the right to jury trial has not been waived and for cases holding that trial by jury properly was denied to a party demanding a jury after the first action was tried by the court and remanded for a second trial.

**13.** *Nedrow v. Michigan-Wisconsin Pipe Line Co.*, 246 Iowa 1075, 70 N.W.2d 843–44 (1955).

**14.** *Crowell v. The Thoreau Center, Partnership*, 631 P.2d 751–52 (Okla.1981).

**15.** *Tesky v. Tesky*, 110 Wis.2d 205, 327 N.W.2d 706, 709 (1983), citing *Nedrow v. Michigan-Wisconsin Pipe Line Co.* 246 Iowa 1075, 70 N.W.2d 843 (1955).

cept for questions of law settled by the proceedings in error, in the action standing as if no trial had been held.[16]

■ Conditions may be completely different at the second trial from those which existed at the beginning. There may be a different judge or a jury different in character which would result in the exercise of different trial strategy. It cannot be presumed that dispensing with a jury for one trial constitutes a continuing waiver even after reversal on appeal.[17] After the trial has been conducted pursuant to the waiver, the waiver has accomplished its purpose and becomes ineffective. When, for any reason, an entirely new trial becomes necessary, neither party is precluded by any previous action taken with reference to a jury trial. In compliance with the appropriate statutory procedures, either may demand a jury,[18] or request a transfer to district court.

CERTIORARI GRANTED; OPINION OF THE COURT OF APPEALS VACATED; JUDGMENT OF THE TRIAL COURT REVERSED AND REMANDED

SIMMS, C.J., and HODGES, LAVENDER, and OPALA, JJ., concur.

DOOLIN, V.C.J., and HARGRAVE and ALMA WILSON, JJ., dissent.

---

**16.** *Matter of Michael K.,* 614 P.2d 1104, 1106 (Okla.1980); *Gourley v. Jackson,* 142 Okl. 74, 285 P. 84, 86 (1930).

**17.** *Cochran v. Stewart,* 66 Minn. 152, 68 N.W. 972–73 (1896).

**18.** *Shores Co. v. Iowa Chemical Co.,* 222 Iowa 347, 268 N.W. 581, 583, 106 A.L.R. 198 (1936); *Schumacher v. Crane-Churchill Co.,* 66 Neb. 440, 92 N.W. 609–10 (1902).