# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 46

Ronald Smithberg,　　　　　　　　　　　　　　　　　　Petitioner

v.

Honorable Paul Jacobson, Judge of the

District Court, Northwest Judicial District,

Gary Smithberg, James Smithberg,

and Smithberg Brothers, Inc.,　　　　　　　　　　　Respondents

### No. 20190369

Petition for Supervisory Writ.

PETITION GRANTED IN PART AND DENIED IN PART.

Opinion of the Court by Crothers, Justice.

Joel M. Fremstad, Fargo, ND, for petitioner.

David J. Smith (argued) and Sheldon A. Smith (on brief), Bismarck, ND, for respondents.

**Crothers, Justice.**

[¶1] Ronald Smithberg petitions for a supervisory writ following the district court's denial of his demand for a jury trial. He requests that this Court direct the district court to hold a jury trial, assign a new judge, and enter a scheduling order. We grant the petition in part and direct the district court to hold a jury trial. We deny the petition on the remaining issues.

I

[¶2] Ronald, Gary, and James Smithberg are brothers who were shareholders in Smithberg Brothers, Inc. In July 2016, Ronald Smithberg filed a "complaint and jury demand," suing Gary and James Smithberg and Smithberg Brothers, Inc., seeking damages and to have the corporation and his brothers purchase his shares.

[¶3] After a jury trial was scheduled for October 1, 2018, the parties stipulated to "waive their right to a jury trial and to schedule a court trial." The stipulation also stated "the Court should schedule a three-day Court trial for February 2018, or as soon as possible thereafter." In January 2018, the district court granted summary judgment dismissing all of Ronald Smithberg's claims for damages. After a bench trial was held on several remaining claims, the court found the value of Ronald Smithberg's interest in the corporation was $169,985, ordered the corporation to pay Ronald Smithberg for his interest, and entered judgment. Ronald Smithberg appealed, and this Court reversed the judgment and remanded for a trial, holding the district court erred by granting summary judgment dismissing Ronald Smithberg's claims for damages. *Smithberg v. Smithberg*, 2019 ND 195, ¶ 1, 931 N.W.2d 211.

[¶4] On remand, Ronald Smithberg requested a jury trial and the defendants opposed his request. The district court ordered a bench trial. The court noted the stipulation to waive the jury trial did not state that it was contingent on any circumstance. The court concluded it had broad discretion under

N.D.R.Civ.P. 39 to determine whether to allow a jury trial and the case would be set for a bench trial because it was reasonably familiar with the issues in the case, a bench trial would resolve the issues sooner, some of the claims appeared to be equitable in nature, and a bench trial would serve judicial economy. A bench trial was scheduled for September 14, 2020.

## II

[¶5] Ronald Smithberg argues this Court should exercise its supervisory jurisdiction to rectify the district court's error of denying his request for a jury trial and to prevent an injustice.

[¶6] Our authority to issue supervisory writs is derived from N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04. *Plains Trucking, LLC v. Cresap*, 2019 ND 226, ¶ 6, 932 N.W.2d 541. Our authority is discretionary, and we determine whether to exercise the authority on a case-by-case basis. *Id.* "We exercise our authority to issue supervisory writs rarely and cautiously, and only to rectify errors and prevent injustice in extraordinary cases in which there is no adequate alternative remedy." *Id.* (quoting *State v. Haskell*, 2017 ND 252, ¶ 7, 902 N.W.2d 772).

[¶7] In *Riemers v. Eslinger*, 2010 ND 76, ¶ 1, 781 N.W.2d 632, this Court granted a petition for a supervisory writ to decide whether a party had a constitutional right to a jury trial. We recognized the right to a trial by jury has long been described as "the most important of constitutional rights." *Id.* at ¶ 3 (quoting *Barry v. Truax*, 13 N.D. 131, 137, 99 N.W. 769, 770 (1904)). Here, the issue is whether Ronald Smithberg is entitled to a jury trial on remand after this Court reversed the district court's summary judgment dismissing all of Ronald Smithberg's claims for damages. As in *Riemers*, we conclude this is an appropriate case for us to exercise supervisory jurisdiction.

[¶8] Rules 38 and 39, N.D.R.Civ.P., govern the right to a jury trial. Rule 38 states:

"(a)  Right Preserved.  The right of trial by jury as declared by the Constitution of the United States or by the Constitution of the State of North Dakota—or as provided by a statute of the United States or of the State of North Dakota—is preserved to the parties inviolate.

(b)  Demand. On any issue triable of right by a jury, a party may demand a jury trial by:

   (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and

   (2) filing the demand in accordance with Rule 5(d).

. . .

(e)  Waiver; Withdrawal.  A party waives a jury trial unless its demand is properly served and filed. . . . A proper demand may be withdrawn only if the parties consent."

Rule 39 states:

"(a)  When a Demand Is Made.  When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action.  The trial on all issues so demanded must be by jury unless:

   (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or

   (2) the court, on motion or on its own, finds that on some or all of those issues there is no right to a jury trial.

(b)  When No Demand Is Made.  Issues on which a jury trial is not properly demanded are to be tried by the court.  But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."

[¶9]   Ronald Smithberg argues he timely demanded a jury trial by titling his complaint, "Complaint and Jury Demand."  The defendants do not dispute

3

Ronald Smithberg initially demanded a jury trial but argue the sufficiency of his demand is irrelevant because the district court scheduled a jury trial for October 2018. After the jury trial demand, the district court was required to hold a jury trial under N.D.R.Civ.P. 39(a), unless the parties later stipulated to a trial by the court. Here, the parties waived their right to a jury in order to obtain an earlier trial date.

[¶10] The district court ruled Ronald Smithberg was not entitled to a jury trial after this Court reversed the district court's summary judgment dismissal of Ronald Smithberg's claims because he waived the right, and the right was not revived by the reversal of the summary judgment on appeal. The court ruled it had discretion under N.D.R.Civ.P. 39(b) in deciding whether to allow a jury trial.

[¶11] The district court cited 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2321 (3d ed. 2008), in support of its decision that Ronald Smithberg was not entitled to a jury trial and that it had discretion in deciding whether to hold a jury trial. Wright & Miller states, "Once the opportunity to demand a jury trial effectively is waived, the right to jury trial is not revived by a reversal on appeal or by the grant of a new trial." *Id.* at p. 282. "It is within the discretion of the trial court under Rule 39(b) whether to grant a jury trial in this situation to a party who previously has waived that right." *Id.* Other treatises are consistent with Wright & Miller. *See* 8 James Wm. Moore, *Moore's Federal Practice* § 38.52(7)(c) (3d ed. 2019). *Moore's Federal Practice* states:

> "When the right to a jury trial is waived in the original case by failure to timely make the demand, or by affirmative withdrawal of the demand, the right is not revived by the ordering of a new trial. A party who wishes to obtain a jury trial on remand after waiver may move under Rule 39 for relief in the court's discretion."

*Id. See also* 47 Am. Jur. 2d *Jury* § 74 (2019) (stating the right to a jury trial that has been waived ordinarily is not revived when the case is reversed or remanded, and the court has discretion to allow a jury in the second trial); *Roth*

4

*v. Hyer*, 142 F.2d 227, 228 (5th Cir. 1944) (holding the right to demand a jury trial is not revived by the reversal of the case for a new trial, but the court may allow a jury trial in its discretion under Fed. R. Civ. P. 39(b)).

[¶12] Other authorities have recognized a party generally is entitled to a jury trial on remand after a waiver. *See, e.g.*, 50A C.J.S. *Juries* § 191 (2019) ("The waiver of a jury on one trial generally does not affect the right of either of the parties to demand a jury on a second trial, although there is some authority to the contrary."); Thomas R. Malia, *Jury trial waiver as binding on later state civil trial*, 48 A.L.R. 4th 747 (stating several states have held or recognized that a jury waiver, occurring when the parties stipulated at a prior trial that the case should be tried before the court, does not extend to a new trial arising upon reversal and remand).

[¶13] Courts generally have held a party is entitled to a jury trial on remand when the parties previously stipulated to waive the right. *See, e.g., United States v. Lee*, 539 F.2d 606, 609 (6th Cir. 1976) (stating the general rule is that a stipulation to waive a jury only relates to the first trial, there is no presumption that there would ever be a second trial, and it cannot be presumed the parties had in mind a possible subsequent trial to which the stipulation could refer); *F.M. Davies & Co. v. Porter*, 248 F. 397, 398 (8th Cir. 1918) (stating a stipulation waiving a jury trial does not affect the right of either party to demand a jury trial on remand); *Burnham v. N. Chicago St. Ry. Co.*, 88 F. 627, 629 (7th Cir. 1898) (same and stating the court could not presume the parties anticipated a second trial when they stipulated to waive the jury trial); *Osgood v. Skinner*, 57 N.E. 1041, 1043 (Ill. 1900) (stating waiver was exhausted by trial and review of trial, and parties were restored to their original right of trial by jury upon the reversal and remand); *Nedrow v. Michigan-Wisconsin Pipe Line Co.*, 70 N.W.2d 843, 844-45 (Iowa 1955) (holding request for jury trial should have been granted when plaintiff initially made a timely request, but entered into a stipulation to try the case before the court, and made a request for a jury trial after the case was reversed and remanded. Also stating it was not fair to presume the parties intended to waive a jury for any future trials.); *In re Hulcher Servs., Inc.*, 568 S.W.3d 188, 190-92 (Tex. Ct. App. 2018)

(recognizing "[t]he long-standing majority rule is that when an appellate court remands all or part of a case without limitation, a party who waived a jury before the original trial may nevertheless demand a jury on the remanded issue or issues," and holding majority rule applied even though parties agreed to try issues to the court, unless the parties intended their jury-waiver agreement to apply to any future trials); *Tesky v. Tesky*, 327 N.W.2d 706, 709 (Wis. 1983) (stating a stipulation waiving a jury trial is a procedural stipulation, procedural stipulations are understood to have reference to the trial then pending and not as binding at any future trial, and they only apply within the context of the litigation for which they were entered into).

[¶14] In *Seymour v. Swart*, 695 P.2d 509, 513 (Okla. 1985), the court held the parties' previous actions did not preclude them from demanding a jury trial when an entirely new trial became necessary. The court acknowledged the lack of unanimity about whether a waiver of a jury trial is binding on a subsequent trial, but stated, "The majority view is that in the absence of a statute or stipulation compelling a contrary conclusion, a waiver of a jury trial is not binding on a subsequent trial if the right to trial by jury is otherwise applicable." *Id*. at 512. The court decided the majority view was better reasoned, explaining waiver is the voluntary and intentional relinquishment of a known right, the right to a new trial was non-existent and was not reasonably anticipated at the time of the initial waiver, and conditions may be completely different at the second trial. *Id*. at 512-13. The court concluded it cannot be presumed that waiving a jury for one trial constitutes a continuing waiver even after a reversal on appeal, and the waiver has accomplished its purpose and becomes ineffective after a trial is conducted pursuant to the waiver. *Id*. at 513.

[¶15] In *Wilson v. Horsley*, 974 P.2d 316, 322 (Wash. 1999), the court held the declaration of a mistrial revived the party's right to a jury trial. The court concluded the state constitution "unequivocally guarantees that '[t]he right of trial by jury shall remain inviolate[,]'" inviolate rights do not diminish over time and must be protected from all assaults, and the waiver of a right guaranteed by the state constitution should be narrowly construed in favor of

6

protecting the right.  *Id.* at 321 (citations omitted).  The court explained that limiting the waiver to the initial proceedings is justified because the party waiving the right likely does so without contemplating the possibility of a second trial, the right to a jury trial in the second trial was not a known right and could not be impliedly waived, the conditions for the second trial could be different from the first trial, and it is not fair to presume that by waiving the right to the first trial the parties intended to waive a jury for any further trials. *Id.* at 321-22.  The court concluded:

> "[T]he right to a jury trial is a valuable constitutional right, and its waiver must be strictly construed.  Allowing the waiver of a jury trial to remain valid for subsequent trials of the same case would impermissibly allow the unintentional waiver of prospective rights.  Parties who waive the right to a jury in one proceeding cannot be deemed to have given up the right for all subsequent proceedings."

*Id.* at 322.

[¶16]  Under N.D. Const. art. I, § 13, "The right of trial by jury shall be secured to all, and remain inviolate."  This Court has long recognized the right to trial by jury is "the most important of constitutional rights."  *Riemers*, 2010 ND 76, ¶ 3, 781 N.W.2d 632 (quoting *Barry,* 13 N.D. at 137, 99 N.W. at 770).  "This State has been more liberal than most in construing the guarantee of jury trial[,]" which indicates "the high regard with which we view the right to a jury trial."  *Gen. Elec. Credit Corp. v. Richman*, 338 N.W.2d 814, 818 (N.D. 1983) (quoting *Dobervich v. Cent. Cass Pub. Sch. Dist. No. 17*, 283 N.W.2d 187, 190 (N.D. 1979)).  Given what this Court has said about the right to a jury trial in prior cases, we conclude the reasoning asserted by the majority of jurisdictions is persuasive.

[¶17] We conclude that when a case is reversed and remanded for a trial without limitation, a party who stipulated to waive the right to a jury trial before the original trial may demand a jury trial on remand, unless the parties intended their stipulation to apply to any future trials or the right is otherwise limited by law.

[¶18] Ronald Smithberg initially demanded a jury trial, and a jury trial was scheduled for October 1, 2018. The parties waived the jury trial in exchange for scheduling a bench trial in February 2018 or as soon as possible thereafter. The stipulation indicates the parties agreed to waive the jury trial to allow the trial to be held sooner. There is no indication the parties intended the waiver to apply to any subsequent trials. In *Smithberg*, 2019 ND 195, ¶ 29, 931 N.W.2d 211, this Court concluded the district court erred by granting summary judgment dismissing Ronald Smithberg's claims for damages and other relief, and we remanded for further proceedings. Our judgment and mandate reversed and remanded the case for further proceedings consistent with the opinion, and did not limit the type of trial to be held on remand.

[¶19] Ronald Smithberg has a right to a jury trial on remand. The district court erred by deciding it had discretion in determining whether to order a jury trial on remand and by denying Ronald Smithberg's request for a jury trial. We grant Ronald Smithberg's petition for a supervisory writ and instruct the district court to schedule a jury trial.

III

[¶20] Ronald Smithberg's petition also requests that this Court instruct the district court to assign a new judge to the case and hold a scheduling conference to address scheduling deadlines. He contends the assigned judge's actions raise an appearance of bias. We rejected a similar request in the prior appeal. *See Smithberg*, 2019 ND 195, ¶ 28, 931 N.W.2d 211. We decline to exercise our supervisory jurisdiction to direct a new judge be assigned to the case and a scheduling order be entered. *See Rath v. Rath*, 2018 ND 98, ¶ 15, 909 N.W.2d 666 (denying a request for a supervisory writ requiring the recusal of the assigned trial judge).

IV

[¶21] We exercise our supervisory jurisdiction and instruct the district court to schedule a jury trial. We deny Ronald Smithberg's request for a supervisory

writ directing the district court to assign a new judge to the case and enter a scheduling order.

[¶22] Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Dale V. Sandstrom, S.J.
Jon J. Jensen, C.J.

[¶23] The Honorable Dale V. Sandstrom, S.J., sitting in place of VandeWalle, J., disqualified.