2015 ND 121

**Merwin R. CARLSON and Denise E. Carlson, Plaintiffs and Appellants,**

v.

**GMR TRANSPORTATION, INC., a North Dakota Corporation, Defendant and Appellee.**

No. 20140319.

Supreme Court of North Dakota.

May 27, 2015.

Bruce A. Schoenwald, Moorhead, MN, for plaintiffs and appellants.

Ronald H. McLean (argued), Joseph A. Wetch, Jr. (appeared), and Ian McLean (on brief), Fargo, ND, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Merwin and Denise Carlson appealed from a summary judgment dismissing their personal injury and loss of consortium action against GMR Transportation, Inc. Because we conclude the district court did not err in ruling as a matter of law that GMR had not lost its employer immunity under the workers' compensation laws, we affirm.

I

[¶ 2] On July 8, 2005, Merwin Carlson was injured in a traffic accident while hauling freight as a trucker under a contract with GMR. On July 5, 2006, Carlson filed a claim for workers' compensation benefits with Workforce Safety and Insurance ("WSI"), stating GMR was his employer. In response, GMR submitted a WSI form with employer information claiming Carlson was not its employee, but was an independent contractor. On October 3, 2006, WSI issued a notice of decision finding Carlson was an employee of GMR at the time of the accident and awarded him benefits. On October 26, 2006, GMR, through out-of-state attorneys who were neither licensed to practice law in North Dakota nor admitted pro hac vice at the time, requested reconsideration of WSI's October 3, 2006, decision and argued Carlson was an independent contractor. Based on the additional information submitted, WSI issued a notice of decision on January 4, 2007, reversing its October 3, 2006, decision and denying Carlson benefits because it concluded he was an independent contractor rather than an employee of GMR. After Carlson requested reconsideration, WSI issued an order on February 20, 2007, finding Carlson was an independent contractor and requiring him to repay disability and medical benefits previously awarded. Carlson requested a rehearing before an administrative law judge ("ALJ"). After a September 2007 evidentiary hearing, the ALJ recommended finding Carlson was an independent contractor and was not entitled to benefits. WSI adopted the ALJ's recommendation and the district court affirmed

WSI's decision. Carlson appealed to this Court.

[¶ 3] In the meantime, Merwin Carlson commenced a federal court action against GMR, its owners, and its out-of-state attorneys alleging numerous claims for relief, including that GMR unlawfully failed to secure WSI coverage for him, and therefore GMR was liable for his work-related injuries under N.D.C.C. § 65–09–02. The federal district court granted summary judgment dismissing the action, concluding Carlson had failed to plead or prove sufficient facts to maintain a civil action under N.D.C.C. § 65–09–02:

> [T]he Court concludes that Carlson has neither pleaded nor proved sufficient facts to support a tort claim for personal injuries under N.D.C.C. § 65–09–02. Therefore, summary judgment in favor of GMR Transportation on this claim is appropriate. However, the Court also notes that Carlson is only entitled to bring a separate tort action against GMR Transportation under § 65–09–02 if he is an employee, not an independent contractor. Because the independent contractor issue is currently on appeal in the state court proceedings, the Court finds it appropriate to dismiss this claim without prejudice. If Carlson wins on appeal in state court and is ultimately found to be an employee, he may then file a tort action against GMR Transportation under § 65–09–02 to recover personal injury damages.

*Carlson v. Roetzel & Andress*, 2008 WL 873647 *16 (D.N.D., March 27, 2008), *aff'd on other grounds* 552 F.3d 648 (8th Cir. 2008).

[¶ 4] In *Carlson v. Workforce Safety & Ins.*, 2009 ND 87, ¶¶ 34–35, 765 N.W.2d 691 ("*Carlson I*"), this Court held that because GMR's nonresident attorneys failed to timely comply with pro hac vice admission requirements, GMR's reconsid-

eration request by its non-attorney agents was void, and therefore WSI's October 3, 2006, notice of decision awarding Carlson benefits could not be reheard or appealed. We remanded "for further proceedings for calculation of Carlson's average weekly wage," an issue WSI had not addressed because it determined Carlson was an independent contractor. *Id.* at ¶ 36.

[¶ 5] On remand, WSI issued an order concluding it had continuing jurisdiction to review an award of benefits under N.D.C.C. § 65–05–04 and it had erroneously accepted and paid Carlson's claim, once again determining that he was an independent contractor rather than an employee of GMR. Following a hearing, the ALJ affirmed WSI's decision that Carlson was an independent contractor who was not entitled to benefits, and also concluded Carlson's average weekly wage was $722 if he were later determined to be GMR's employee. The district court affirmed and Carlson again appealed to this Court. In *Carlson v. Workforce Safety and Ins.*, 2012 ND 203, ¶ 19, 821 N.W.2d 760 ("*Carlson II*"), we held that WSI's exercise of its continuing jurisdiction was beyond the scope of our remand in *Carlson I*, and the law of the case doctrine precluded WSI from using its continuing jurisdiction to readjudicate whether Carlson was GMR's employee. We affirmed the ALJ's decision that Carlson's average weekly wage was $722 and reversed and remanded for WSI to award Carlson benefits based on the ALJ's calculation. *Id.* at ¶¶ 22, 27.

[¶ 6] On February 14, 2013, Merwin and Denise Carlson commenced this action against GMR alleging it was liable for tort-based personal injury damages under N.D.C.C. § 65–09–02 because it failed to comply with North Dakota's workers' compensation requirements. The Carlsons also sought an award of attorney fees incurred in *Carlson I* and *Carlson II* under

the tort-of-another doctrine. Denise Carlson asserted a claim for loss of consortium. GMR moved for summary judgment of dismissal on numerous grounds, including that the action was barred under the applicable six-year statute of limitations under N.D.C.C. § 28–01–16 and that it was an employer immune from suit under N.D.C.C. § 65–04–28. The Carlsons brought a cross-motion for summary judgment asserting, among other things, that GMR was liable for the Carlsons' damages as a matter of law. The district court granted summary judgment dismissing the action because "there is simply nothing in the record that would allow me or any other fact finder" to conclude that GMR willfully misrepresented to WSI or its representative the amount of payroll upon which a premium for workers' compensation coverage was based under N.D.C.C. § 65–04–33(2).

## II

[¶ 7] The Carlsons argue the district court erred in granting summary judgment dismissing their action against GMR.

[¶ 8] We have often stated our standard of review for summary judgments:

Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Deckert v. McCormick*, 2014 ND 231, ¶ 9, 857 N.W.2d 355 (quoting *Capps v. Weflen*, 2014 ND 201, ¶ 7, 855 N.W.2d 637).

## A

[¶ 9] GMR argues the district court erred in failing to dismiss the action because it is barred by the statute of limitations. GMR did not cross-appeal, but it may attempt to save a judgment by urging any ground asserted in the district court. *See, e.g., Estate of Clemetson*, 2012 ND 28, ¶ 13, 812 N.W.2d 388.

[¶ 10] Ordinarily, the issue whether a statute of limitations bars an action should precede consideration of the merits, because if it does other issues need not be addressed. *See, e.g., Maragos v. City of Minot*, 191 N.W.2d 570, 571 (N.D.1971). Although GMR did not raise the statute of limitations as an affirmative defense in its answer as required by N.D.R.Civ.P. 8(c), but instead "reserve[d] all affirmative defenses," when a district court permits an unpled affirmative defense to be raised in a motion for summary judgment and where there is no prejudice or surprise to the nonmoving party, we have treated the court's consideration of the issue as effectively granting a motion to amend the answer to assert the affirmative defense. *See Kambeitz v. Acuity Ins. Co.*, 2009 ND 166, ¶¶ 10–12, 772 N.W.2d 632; *Leet v. City of Minot*, 2006 ND 191, ¶¶ 5–8, 721 N.W.2d 398; *see also* 5 C. Wright and A.

Miller, *Federal Practice and Procedure* § 1277 (2004), and cases collected therein. Here, the Carlsons argued their action was not barred by the statute of limitations. The court decided to base its decision on the issue of immunity rather than the statute of limitations because "there . . . probably are . . . . fact questions that would make summary judgment on that issue alone inappropriate," even though the court believed "the statute of limitations probably has expired." Under these circumstances, we decline to address the statute of limitations issue.

## B

[¶ 11] The Carlsons argue the district court erred in ruling as a matter of law that GMR did not lose its employer immunity under the workers' compensation laws. The Carlsons contend that GMR is liable as a matter of law under N.D.C.C. § 65–09–02.

[¶ 12] The Workforce Safety and Insurance Act " 'generally provides the exclusive remedy for an employee who suffers a compensable injury.' " *Richard v. Washburn Pub. Sch.*, 2011 ND 240, ¶ 13, 809 N.W.2d 288 (quoting *Mitchell v. Sanborn*, 536 N.W.2d 678, 683 (N.D.1995)). But the employer must be in compliance with the workers' compensation statutes for the exclusive remedy provisions to apply. *See, e.g., Smith v. Vestal,* 494 N.W.2d 370, 373 (N.D.1992). Section 65–04–28, N.D.C.C., provides that "[e]mployers who comply with the provisions of this chapter shall not be liable to respond in damages at common law or by statute for injury to or death of any employee, wherever occurring, during the period covered by the premiums paid into the fund." However, N.D.C.C. § 65–09–01(1) provides in relevant part:

> Any employer subject to this title who is in violation of subsection 1 or 2 of section 65–04–33 . . . is not protected by the immunity from civil liability granted to employers under this title for injuries to that employer's employees for damages suffered by reason of injuries sustained in the course of employment and to the dependents and legal representatives of an employee whose death results from injuries sustained in the course of employment.

[¶ 13] Section 65–04–33, N.D.C.C., addresses consequences for the failure of employers to secure workers' compensation coverage and provides in relevant part:

1. An employer may not employ any person, or receive the fruits of the labor of any person, in a hazardous employment as defined in this title, without first applying for workforce safety and insurance coverage for the protection of employees by notifying the organization of the intended employment, the nature of the intended employment, and the estimated payroll expenditure for the coming twelve-month period.

2. An employer who willfully misrepresents to the organization or its representative the amount of payroll upon which a premium under this title is based, or who willfully fails to secure coverage for employees, is liable to the state in the amount of two thousand dollars plus three times the difference between the premium paid and the amount of premium the employer should have paid. . . . An employer who willfully misrepresents to the organization or its representative the amount of payroll upon which a premium under this title is based, or who willfully fails to secure coverage for employees, is guilty of a class A misdemeanor. If the premium due

exceeds five hundred dollars, the penalty for willful failure to secure coverage or willful misrepresentation to the organization or its representative is a class C felony.

[¶ 14] Section 65–09–02, N.D.C.C., grants employees "dual remedies" for employer noncompliance, *Gepner v. Fujicolor Processing, Inc.,* 2001 ND 207, ¶ 18, 637 N.W.2d 681, and provides in relevant part:

> An employee whose employer is in violation of section 65–04–33, who has been injured in the course of employment, or the employee's dependents or legal representatives in case death has ensued, may file an application with the organization for an award of compensation under this title and in addition may maintain a civil action against the employer for damages resulting from the injury or death. In the action, the employer may not assert the common-law defenses of:
>
> 1. The fellow servant rule.
> 2. Assumption of risk.
> 3. Contributory negligence.
>
> The organization is subrogated to the recovery made in the action against the uninsured employer.

[¶ 15] The district court in which a tort action is filed has the authority to determine whether the action is barred by the exclusive remedy provisions of the workers' compensation act. *See, e.g., Richard,* 2011 ND 240, ¶ 12, 809 N.W.2d 288. In an employee's tort action to recover damages for a work-related injury, the employer has the burden of establishing by a preponderance of the evidence the defense that the employer is immune from suit under the exclusive remedy provisions of the workers' compensation act. *Id.*

[¶ 16] Here, the district court determined N.D.C.C. § 65–04–33(1) was "clearly" inapplicable because subsection (1) addresses "the situation where the employer has employees but is not participating in the system, is not paying any premiums to WSI," and it was undisputed that GMR secured insurance and coverage for its employees during the relevant time period. The Carlsons argue the court misconstrued subsection (1) of the statute because it is "undisputed that GMR received the fruits of [Merwin Carlson's] labor without first notifying WSI." The Carlsons interpret subsection (1) to require an employer to notify WSI and estimate its payroll expenditure every time the employer either hires or fires an employee to be in compliance with the law.

[¶ 17] In interpreting statutes, we first look at the language and give words their plain, ordinary, and commonly understood meaning. N.D.C.C. § 1–02–02. We construe statutes as a whole and harmonize them to give meaning to related provisions, and interpret them in context to give meaning and effect to each word, phrase, and sentence. *See State v. Brossart,* 2015 ND 1, ¶ 23, 858 N.W.2d 275. We also construe statutes in a practical manner and presume the legislature did not intend an absurd or ludicrous result. *See id.* Section 65–04–33(1), N.D.C.C., speaks in terms of annual notifications of an employer's "estimated payroll expenditure for the coming twelve-month period." An "estimate" is "[a] rough or approximate calculation only." *Black's Law Dictionary* 550 (6th ed.1990). WSI's chief of employer services explained in an affidavit that employers "estimat[e] the wages that will be paid for the upcoming year, or the 'advance premium period,'" which "is then compared to the actual wages expended at the end of the employer's premium period." He further explained that GMR "paid an advance premium for the 2005 premium year based on the actual wages paid to their employees during the 2004

premium year." Contrary to the Carlsons' argument, N.D.C.C. § 65–04–33(1) does not impose an ongoing obligation on employers to report every day-to-day fluctuation in their number of employees during a premium period, because premium adjustments are made on an annual basis. *See generally Vail v. S/L Servs., Inc.*, 2015 WL 1393161 **6–7 (D.N.D., March 25, 2015). The district court correctly rejected the Carlsons' impractical construction of subsection (1). Subsection (1) is inapplicable in this case.

[¶ 18] The Carlsons argue the district court erred in ruling as a matter of law that GMR did not "willfully misrepresent[ ]" to WSI the amount of its payroll under N.D.C.C. § 65–04–33(2). "Willful conduct" for purposes of N.D.C.C. § 65–04–33(2) means "'conduct engaged in intentionally and not inadvertently.'" *Muldoon v. Workforce Safety and Ins. Fund*, 2012 ND 244, ¶ 13, 823 N.W.2d 761 (quoting *Forbes v. Workforce Safety and Ins. Fund*, 2006 ND 208, ¶ 13, 722 N.W.2d 536). The Carlsons contend "there can be no legitimate dispute" that GMR willfully failed to secure coverage for Merwin Carlson by intentionally treating him and others similarly situated as independent contractors. This is reinforced, they assert, by GMR's failure to seek a prior determination of independent contractor status under the safe harbor provisions of N.D.C.C. § 65–09–01(2) and N.D. Admin. Code § 92–01–02–49.1. Because a determination by WSI "that a person is not an employer required to obtain workforce safety and insurance coverage under this title is a defense to any claim that the person failed to obtain coverage for the time period during which the determination is effective," N.D.C.C. § 65–09–02, and GMR did not seek a prior determination, the Carlsons contend GMR "assumes the full risk of being wrong."

[¶ 19] First, the statutes do not state that an employer forfeits a defense based on an employee's alleged independent contractor status absent a prior determination of that status. Second, any adverse inference that may be drawn from GMR's failure to seek a prior determination of independent contractor status does not preclude summary judgment on the issue under the circumstances of this case. The Carlsons appear to rely on the end result of both *Carlson I* and *Carlson II*, which left intact WSI's initial determination that Merwin Carlson was an employee entitled to benefits. But *Carlson I* holds that a request for reconsideration filed by a nonresident attorney on a company's behalf is void, which resulted in WSI's initial decision becoming final and nonappealable. 2009 ND 87, ¶¶ 34–35, 765 N.W.2d 691. *Carlson II* holds that an administrative agency must follow this Court's instructions on remand. 2012 ND 203, ¶ 19, 821 N.W.2d 760. This Court has never ruled on the underlying issue of Merwin Carlson's employee status. Indeed, after initially awarding Carlson benefits as an employee, WSI agreed with GMR that Carlson was an independent contractor and spent nearly six years trying to correct what it perceived to be an error. Even if this Court had reached the merits of the underlying dispute and overruled WSI's ultimate conclusion that Carlson was an independent contractor, there would have been different conclusions on Carlson's employee status within WSI itself, two ALJs, two district courts, and this Court. WSI's chief of employer services continues to maintain GMR was in compliance with the workers' compensation laws, a position which is painfully obvious from a mere recitation of the facts in this case.

[¶ 20] Whether conduct is "willful" is generally a question of fact. *See, e.g.,*

*Klindtworth v. Burkett,* 477 N.W.2d 176, 183 (N.D.1991). But "[i]ssues of fact may become issues of law for the court if reasonable persons could reach only one conclusion from the facts." *Groleau v. Bjornson Oil Co., Inc.,* 2004 ND 55, ¶ 6, 676 N.W.2d 763. In this case, reasonable persons could only conclude that GMR did not willfully misrepresent the amount of its payroll for purposes of N.D.C.C. § 65–04–33(2).

[¶ 21] We conclude the district court did not err in ruling as a matter of law that GMR did not lose its employer immunity under the workers' compensation laws.

### C

[¶ 22] The Carlsons raise numerous other issues.

[¶ 23] The Carlsons argue that GMR is liable for Merwin Carlson's personal injuries under 49 U.S.C. § 14704(a)(2) of the Federal Motor Carrier Act, but this statute does not create a private cause of action for personal injuries. *See, e.g., Schramm v. Foster,* 341 F.Supp.2d 536, 547 (D.Md.2004), and cases collected therein; *Stewart v. Mitchell Transp.,* 241 F.Supp.2d 1216, 1221 (D.Kan.2002); *Tierney v. Arrowhead Concrete Works, Inc.,* 791 N.W.2d 540, 547 (Minn.Ct.App.2010) and cases collected therein. The Carlsons argue the common law imposed upon GMR a non-delegable "duty to provide a safe workplace," and 49 C.F.R. § 395.3 imposed a "non-delegable duty upon GMR to prevent injuries caused by driver fatigue." However, the Carlsons' personal injury action is barred, so the existence or nonexistence of tort duties is irrelevant. Furthermore, because a loss of consortium claim derives from the other spouse's injury, *see Sime v. Tvenge Assocs. Architects & Planners, P.C.,* 488 N.W.2d 606, 610 (N.D. 1992), dismissal of Merwin Carlson's personal injury claim requires dismissal of Denise Carlson's loss of consortium claim. The Carlsons also acknowledge that because their claim for attorney fees under the tort-of-another doctrine is dependent on the viability of their personal injury action under N.D.C.C. § 65–09–02, this claim must also be dismissed. We do not address other arguments presented because they either are unnecessary to the decision or are without merit.

### III

[¶ 24] The summary judgment is affirmed.

[¶ 25] CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.