2017 ND 252

STATE of North Dakota, BY AND THROUGH the NORTH DAKOTA DEPARTMENT OF CORRECTIONS AND REHABILITATION and the North Dakota Youth Correctional Center, Petitioners

v.

Honorable Bruce HASKELL, Judge of the District Court, South Central Judicial District, and Delmar Markel, Respondents

No. 20170293

Supreme Court of North Dakota.

Filed 10/17/2017

James E. Nicolai (argued) and Ken R. Sorenson (appeared), Office of the Attorney General, Bismarck, ND, for petitioners.

Lawrence E. King, Bismarck, ND, for respondents.

Crothers, Justice.

[¶ 1] The State of North Dakota, by the North Dakota Department of Corrections and Rehabilitation's Youth Correctional Center, petitioned for a supervisory writ directing the district court to vacate its July 18, 2017 order denying the State's motion for summary judgment on Delmar Markel's negligence claim. Markel cross-petitions for a supervisory writ directing the district court to vacate its January 21, 2016 order dismissing Markel's claim for constructive and retaliatory discharge. We exercise our original jurisdiction by granting the State's petition and denying Markel's cross-petition.

I

[¶ 2] Delmar Markel worked at the North Dakota Youth Correctional Center on December 9, 2012, when several inmates broke out of their locked rooms. The inmates injured Markel during their escape. On November 2, 2015, Markel brought a complaint against the State alleging one count of negligence for failure to fix faulty locks permitting the inmates to escape and one count of constructive and retaliatory discharge. The State argued that the Workforce Safety and Insurance ("WSI") Act in N.D.C.C. Title 65 barred Markel's negligence claim and that Markel failed to exhaust administrative remedies regarding his discharge claim. On January 21, 2016, the district court dismissed the discharge claim for failure to pursue available administrative remedies. The district court also denied the State's motion to dismiss Markel's negligence claim.

[¶ 3] Section 65–01–01, N.D.C.C., limits civil claims of "workers injured in hazard-ous employments" to the bounds of the statute:

"[S]ure and certain relief is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding, or compensation, except as otherwise provided in this title, and to that end, all civil actions and civil claims for relief for those personal injuries and all jurisdiction of the courts of the state over those causes are abolished except as is otherwise provided in this title. A civil action or civil claim arising under this title, which is subject to judicial review, must be reviewed solely on the merits of the action or claim. This title may not be construed liberally on behalf of any party to the action or claim."

"The sole exception to an employer's immunity from civil liability under this title . . . is an action for an injury to an employee caused by an employer's intentional act done with the conscious purpose of inflicting the injury." N.D.C.C. § 65–01–01.1.

[¶ 4] The district court based its January 21, 2016 order on an interpretation of the workers compensation statutes allowing an employee to "pursue a civil cause of action against his employer for a true intentional injury. An employer is deemed to have intended to injure if the employer had knowledge an injury was certain to occur and willfully disregarded that knowledge." *Zimmerman v. Valdak Corp.*, 1997 ND 203, ¶ 21, 570 N.W.2d 204.

[¶ 5] In June 2016, while the State and Markel engaged in extensive discovery, this Court held the legislature changed the "certain to occur" standard previously applied to N.D.C.C. § 65–01–01 to a narrower interpretation, requiring an employer to engage in an intentional act with a conscious purpose to inflict injury. *Bartholomay v. Plains Grain & Agronomy, LLC*, 2016 ND 138, ¶ 11, 881 N.W.2d 249.

[¶ 6] The State moved a second time to dismiss Markel's claims on the narrowed intentional tort standards explained in *Bartholomay* and specifically informed the district court about the supersession of *Zimmerman*. The district court denied the State's second motion to dismiss, holding:

"The [district court] wrote that 'the plaintiff may be able to prove a set of facts in support of his claim which would entitle him to the relief requested.' The [district court] has not changed its opinion nor have the facts changed. It is a question of fact whether the defendants knew or intended that an injury would occur to the plaintiff as a result of the alleged faulty locks."

The State petitioned this Court for a supervisory writ to vacate the district court order denying summary judgment, claiming injustice and lack of a reasonably adequate alternative remedy.

## II

[¶ 7] "Our authority to issue supervisory writs derives from N.D. Const. art. VI, § 2, and N.D.C.C. § 27–02–04. The authority to issue supervisory writs is discretionary; it cannot be invoked as a matter of right. This Court determines whether it should exercise its original jurisdiction to issue remedial writs on a case-by-case basis. Courts generally will not exercise supervisory jurisdiction where the proper remedy is an appeal merely because the appeal may involve an increase of expenses or an inconvenient delay. We exercise our authority to issue supervisory writs rarely and cautiously, and only to rectify errors and prevent injustice in extraordinary cases in which there is no adequate alternative remedy."

*Roe v. Rothe–Seeger*, 2000 ND 63, ¶ 5, 608 N.W.2d 289 (internal citations and quotations omitted).

[¶ 8] This Court exercises its supervisory jurisdiction where a case "embodies important public and private interests in the significance of the exclusive-remedy directives of the Workers Compensation Act" and bears a "suggestion that expensive and extensive . . . discovery will be necessary before trial." *Mitchell v. Sanborn*, 536 N.W.2d 678, 683 (N.D. 1995). "An order or judgment denying a motion for summary judgment is not appealable, nor is it reviewable upon appeal from a partial judgment involving other aspects of the case." *Hellman v. Thiele*, 413 N.W.2d 321, 329 (N.D. 1987). Here, if the State's argument prevails, the State has statutory immunity from suit yet would need to fully litigate this action before seeking final adjudication of that immunity. We conclude this is an appropriate case for us to exercise supervisory jurisdiction.

## III

[¶ 9] Previously, an exception to an employer's immunity from civil liability under the WSI Act allowed recovery for intentional tort under a "certain to occur" interpretation of the intentional injury standard. *Zimmerman*, 1997 ND 203, ¶ 21, 570 N.W.2d 204. The legislature amended the statute shortly after the *Zimmerman* decision by adding N.D.C.C. § 65–01–01.1 to clarify the limited scope of the statutory exception. 1999 N.D. Sess. Laws ch. 549, § 1; *Hearing on H.B. 1331 Before the House Industry, Business, and Labor Comm.*, 56th N.D. Legis. Sess. (Jan. 19, 1999) (written testimony of David Thiele, Senior Litigation Counsel for North Dakota Workers Compensation Bureau). The amendment was "enacted to avoid the ambiguous and contradictory language of the Supreme Court in the *Zimmerman* deci-

sion ... by clearly defining the limited circumstances under which a suit may be brought against an employer." *Bartholomay*, 2016 ND 138, ¶ 9, 881 N.W.2d 249 (internal quotations omitted). The legislature's express standard eliminated the possibility of a "certain to occur" interpretation, instead requiring "an employer's intentional act done with the conscious purpose of inflicting the injury." N.D.C.C. § 65–01–01.1; *Bartholomay*, at ¶ 10.

[¶ 10] In *Bartholomay* we cited the narrow definition of an "intentional act with a conscious purpose of inflicting the injury:"

> "Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering employees to perform an extremely dangerous job, willfully failing to furnish a safe place to work, fostering a 'culture' of alcohol use at off-premises, after-hours company events, willfully violating a safety statute, *failing to protect employees from crime*, refusing to respond to an employee's medical needs and restrictions, or withholding information about worksite hazards, the conduct still falls short of the kind of actual intention to injure that robs the injury of accidental character.... If [the] decisions [applying the actual intent or true intentional torts test] seem rather strict, one must remind oneself that what is being tested here is not the degree of gravity or depravity of the employer's conduct, but rather the narrow issue of the intentional versus the accidental quality of the precise event producing injury."

*Id.* (citing 9 *Larson's Workers' Compensation Law* § 103.03, 103–6 through –8) (emphasis added).

[¶ 11] The plaintiff in *Bartholomay* fell off a railcar at a grain elevator facility without fall protection equipment and died.

2016 ND 138, ¶ 12, 881 N.W.2d 249. The plaintiff's claim did not meet the standards of N.D.C.C. § 65–01–01.1's intentional acts exception even when the employer knew of the danger, had been cited by the Occupational Safety and Health Administration for "willful" violations, and intentionally delayed installation of the safety equipment. *Id.* at ¶¶ 12, 14. Here, Markel claims the failure to fix the cell locks led to his assault by escaping inmates. This claim falls outside the definition in § 65–01–01.1's intentional acts exception as a failure to protect an employee from crime. *See id.* at ¶ 11. Even if the State knew the locks were faulty and bound to fail, the legislature's limits on a covered employer's liability require production of "sufficient facts ... to raise a genuine issue of material fact that [an employer] engaged in an intentional act with the conscious purpose of inflicting [an employee's] injuries." *Id.* at ¶ 16. Markel's claims did not allege, and his evidence opposing the State's motion for summary judgment did not establish, sufficient facts supporting intent to invoke the intentional acts exception of § 65–01–01.1. The district court therefore erred in denying the State's motion for summary judgment.

IV

[¶ 12] The district court dismissed Markel's claim for constructive and retaliatory discharge in January 2016 on the basis of failure to exhaust administrative remedies. Markel petitions for a supervisory writ to vacate the order dismissing that claim; however, his petition does not argue a lack of adequate alternative remedy or the unavailability of an appeal sufficient to meet this Court's requirements to exercise original supervisory jurisdiction. *See State ex rel. Roseland v. Herauf*, 2012 ND 151, ¶ 3, 819 N.W.2d 546; *State ex rel. Harris v. Lee*, 2010 ND 88, ¶ 6, 782 N.W.2d 626.

[¶ 13] The district court listed the administrative remedies available to Markel in its January 2016 order, including filing an internal grievance, appealing to Human Resources Management Services, requesting a hearing under an independent administrative law judge, and appealing from the administrative law judge's decision to the district court. The district court's dismissal of Markel's constructive and retaliatory discharge claim may be appealed following resolution of his negligence claim. "We generally will not exercise supervisory jurisdiction where the proper remedy is an appeal." *State v. Holte*, 2001 ND 133, ¶ 5, 631 N.W.2d 595. We therefore decline to exercise our original supervisory jurisdiction concerning Markel's discharge claim.

## V

[¶ 14] The district court erred as a matter of law in denying the State's motion to dismiss Markel's negligence claim. Markel failed to allege and support at least an "intentional act done with the conscious purpose of inflicting the injury" to overcome the State's immunity. The State has no adequate remedy to avoid defending a suit from which it has immunity. We exercise our original supervisory jurisdiction and direct the district court to vacate its order denying the State's motion to dismiss, and to enter an order dismissing Markel's negligence complaint. We decline to vacate the district court's dismissal of Markel's discharge claim.

[¶ 15] Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen

Jerod E. Tufte

Gerald W. VandeWalle, C.J.