Tufte, Justice.
*544 [¶1] Plains Trucking, LLC, petitioned this Court for supervisory writs in two separate cases to direct the district court in each case to vacate orders denying summary judgment on the ground that the lawsuits were barred by the Workforce Safety and Insurance Act, N.D.C.C. title 65. Respondent Darian Songer Bail cross-petitioned for a supervisory writ to direct the district court in his case to vacate its order determining as a matter of law that he was Plains Trucking's employee on the date of his injury. The cases were consolidated for oral argument to this Court. We exercise our original jurisdiction by granting Plains Trucking's petitions and denying Songer Bail's cross-petition.
I
[¶2] Plains Trucking's petitions seeking supervisory writs concern two civil actions that arose out of an explosion occurring on March 27, 2013. One worker, Trevor Davis, was killed, and another worker, Songer Bail, was injured in the explosion that occurred while Davis and Songer Bail were cleaning a crude oil tanker trailer owned by MBI Energy Services. Plains Trucking asserts that both Davis and Songer Bail were its employees and that the civil actions were barred by N.D.C.C. title 65.
[¶3] In April 2013, Trevor Davis's parents, respondents Lyle and Laurie Davis, submitted an application for non-dependency benefits to Workforce Safety and Insurance ("WSI"). The application named Plains Trucking as Trevor Davis's employer at the time of the accident. In June 2013, WSI sent the Davises a Notice of Decision Accepting Claim and Awarding Benefits. The Davises accepted the benefits awarded, and there was no request for reconsideration of WSI's decision. In June 2014, the Davises commenced a civil action in the district court against Plains Trucking and MBI, alleging that Trevor Davis had been an independent contractor and asserting claims for negligence, strict liability, and liability under N.D.C.C. ch. 65-01, N.D.C.C. ch. 65-04, and N.D.C.C. § 65-09-02.
[¶4] In April 2013, respondent Songer Bail submitted a First Report of Injury to WSI, identifying Plains Trucking as his employer and seeking WSI benefits. In May 2013, WSI sent a Notice of Decision Accepting Claim and Awarding Benefits. Songer Bail accepted WSI's payment of benefits, and there was no request for reconsideration of WSI's decision. In June 2015, Songer Bail commenced his civil action against Plains Trucking and MBI, alleging that he was an independent contractor and asserting claims for negligence, strict liability, and liability under N.D.C.C. title 65.
[¶5] In the Davises' and Songer Bail's respective civil cases, Plains Trucking moved for summary judgment, contending N.D.C.C. title 65 barred the actions. The district court in each case denied Plains Trucking's summary judgment motion, in total or in part. In the Davises' case, the court's order denying summary judgment recited the parties' various arguments and held "clear issues of material fact regarding the case in question" existed, making summary judgment inappropriate at that time. In Songer Bail's case, the court granted Plains Trucking partial summary judgment, holding that Songer Bail was Plains Trucking's employee on grounds of res judicata, but denied summary judgment on whether Plains Trucking was in compliance with N.D.C.C. § 65-04-33(2) at the time of his injuries, finding genuine issues of material fact existed. Jury trials were scheduled in both cases.
*545 II
[¶6] We have discussed circumstances under which we may exercise our supervisory jurisdiction to grant relief:
Our authority to issue supervisory writs derives from N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04. The authority to issue supervisory writs is discretionary; it cannot be invoked as a matter of right. This Court determines whether it should exercise its original jurisdiction to issue remedial writs on a case-by-case basis. Courts generally will not exercise supervisory jurisdiction where the proper remedy is an appeal merely because the appeal may involve an increase of expenses or an inconvenient delay. We exercise our authority to issue supervisory writs rarely and cautiously, and only to rectify errors and prevent injustice in extraordinary cases in which there is no adequate alternative remedy.
State v. Haskell , 2017 ND 252, ¶ 7, 902 N.W.2d 772 (quoting Roe v. Rothe-Seeger , 2000 ND 63, ¶ 5, 608 N.W.2d 289 (internal citations and quotations omitted)).
[¶7] We may exercise our supervisory jurisdiction "where a case 'embodies important public and private interests in the significance of the exclusive-remedy directives of the Workers Compensation Act' and bears a 'suggestion that expensive and extensive ... discovery will be necessary before trial.' " Haskell , 2017 ND 252, ¶ 8, 902 N.W.2d 772 (quoting Mitchell v. Sanborn , 536 N.W.2d 678, 683 (N.D. 1995) ). "An order or judgment denying a motion for summary judgment is not appealable, nor is it reviewable upon appeal from a partial judgment involving other aspects of the case." Haskell , at ¶ 8 (quoting Hellman v. Thiele , 413 N.W.2d 321, 329 (N.D. 1987) ). In these cases, if Plains Trucking's argument prevails, Plains Trucking has statutory immunity from suit but would still need to fully litigate these actions before seeking a final adjudication of that immunity. As in Haskell , we conclude these are appropriate cases for us to exercise supervisory jurisdiction.
III
[¶8] Plains Trucking argues N.D.C.C. title 65 abolishes the district courts' jurisdiction for all claims by an employee against an employer for workplace injuries where the injured employee has received workers' compensation benefits.
[¶9] Title 65, N.D.C.C., is a legislatively created compromise for claims between injured workers and their employers. See Richard v. Washburn Pub. Sch. , 2011 ND 240, ¶ 11, 809 N.W.2d 288 ; Trinity Hosps. v. Mattson , 2006 ND 231, ¶ 11, 723 N.W.2d 684. Section 65-01-01, N.D.C.C., declares that "for workers injured in hazardous employments, ... sure and certain relief is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding, or compensation, except as otherwise provided in this title, and to that end, all civil actions and civil claims for relief for those personal injuries and all jurisdiction of the courts of the state over those causes are abolished except as is otherwise provided in this title."
[¶10] Under the Act, an employee "gives up the right to sue the employer in exchange for sure and certain benefits for all workplace injuries, regardless of fault." Trinity Hosps. , 2006 ND 231, ¶ 11, 723 N.W.2d 684. When a worker is an employee, the Act generally provides the exclusive remedy for the employee who suffers a compensable injury. See N.D.C.C. § 65-01-01.1 ("The sole exception to an employer's immunity from civil liability under this title, except as provided in [N.D.C.C. ch. 65-09], is an action for an *546 injury to an employee caused by an employer's intentional act done with the conscious purpose of inflicting the injury."); N.D.C.C. § 65-01-08 (An injured employee does not have a claim for relief against the "contributing employer or against any agent, servant, or other employee of the employer for damages for personal injuries, but shall look solely to the fund for compensation."); N.D.C.C. § 65-04-28 ("Employers who comply with the provisions of [N.D.C.C. ch. 65-04] shall not be liable to respond in damages at common law or by statute for injury to or death of any employee."); N.D.C.C. § 65-05-06 ("The payment of compensation or other benefits by the organization to an injured employee, or to the injured employee's dependents in case death has ensued, are in lieu of any and all claims for relief whatsoever against the employer of the injured or deceased employee.").
[¶11] In Vail v. S/L Servs., Inc. , 2017 ND 202, ¶¶ 13-16, 900 N.W.2d 271, we discussed "a worker's status as an employee or as an independent contractor under our workers' compensation law, and the parameters of an employee's exclusive or dual remedy for compensable injuries under that law":
Under N.D.C.C. § 65-01-03(1), "[e]ach individual who performs services for another for remuneration is presumed to be an employee of the person for which the services are performed, unless it is proven that the individual is an independent contractor under the common-law test." See Workforce Safety & Ins. v. Larry's On Site Welding , 2014 ND 81, ¶¶ 15-22, 845 N.W.2d 310 (discussing common-law test for independent contractor under workers' compensation law). [The person] asserting an individual is an independent contractor and not an employee has the burden of proving that fact. N.D.C.C. § 65-01-03(1).
If a worker is an employee, the Workforce Safety and Insurance Act generally provides the exclusive remedy for the employee who suffers a compensable injury. Carlson v. GMR Transp., Inc. , 2015 ND 121, ¶ 12, 863 N.W.2d 514. However, an employer must comply with the Act's requirements for the exclusive remedy provisions to apply. Id. Section 65-04-28, N.D.C.C., provides that "[e]mployers who comply with the provisions of this chapter shall not be liable to respond in damages at common law or by statute for injury to or death of any employee, wherever occurring, during the period covered by the premiums paid into the fund."
Section 65-09-01(1), N.D.C.C., provides that an employer who violates the workers' compensation coverage requirements of N.D.C.C. § 65-04-33(1) or (2) "is not protected by the immunity from civil liability granted to employers under this title for injuries to that employer's employees for damages suffered by reason of injuries sustained in the course of employment." Under N.D.C.C. § 65-09-02, an employee injured during the course of employment whose employer is in violation of N.D.C.C. § 65-04-33 may file a claim with WSI for compensation "and in addition may maintain a civil action against the employer for damages" under the "dual remedies" language of that statute. Gepner v. Fujicolor Processing, Inc. , 2001 ND 207, ¶ 18, 637 N.W.2d 681. In the civil action, WSI is subrogated to the recovery against the uninsured employer and the employer may not assert defenses of the fellow servant rule, assumption of risk, or contributory negligence. N.D.C.C. § 65-09-02.
(Emphasis added.)
[¶12] The district court in which a tort action is filed has authority to decide *547 whether the workers' compensation act's exclusive remedy provisions bar the action. See Vail , 2017 ND 202, ¶ 18, 900 N.W.2d 271 ; Carlson v. GMR Transp., Inc. , 2015 ND 121, ¶ 15, 863 N.W.2d 514. "In an employee's tort action [against an employer] to recover damages for a work-related injury, the employer has the burden of establishing by a preponderance of the evidence the defense that the employer is immune from suit under the exclusive remedy provisions of the workers' compensation act." Carlson , at ¶ 15 ; see also Vail , at ¶ 18 ; Richard , 2011 ND 240, ¶ 12, 809 N.W.2d 288.
A
[¶13] Plains Trucking argues both district courts erred in denying its summary judgment motions because the Workforce Safety and Insurance Act's exclusive remedy provisions bar the civil actions. Plains Trucking contends that WSI's decisions awarding benefits determined both Davis and Songer Bail were its employees, those decisions are final, and res judicata bars the subsequent actions to recover for the same injuries.
[¶14] Respondents contend, however, that genuine issues of material fact exist about whether Davis and Songer Bail were independent contractors or employees. They argue administrative res judicata does not apply because there has not been a trial-like administrative proceeding on the issue. They assert that in applying for WSI benefits, respondents did not have knowledge about whether Davis and Songer Bail were employees or independent contractors or about the legal significance of that designation. They argue whether a worker is an independent contractor or an employee is a mixed question of fact and law and genuine issues of material fact exist under the common-law test. See State ex rel. WSI v. Larry's On Site Welding , 2014 ND 81, ¶¶ 14, 21-22, 845 N.W.2d 310 (holding evidence supported ALJ's findings that claimant and other similarly situated welders were independent contractors, not employees, and the findings supported the legal conclusion they were independent contractors for purposes of workers' compensation).
[¶15] Under N.D.C.C. § 65-01-03(1), an individual who performs services for another for remuneration is presumed to be an employee of that person, and "[t]he person that asserts that an individual is an independent contractor under the common-law test, rather than an employee, has the burden of proving that fact." See N.D.C.C. § 1-01-49(3) (" 'Individual' means a human being."); N.D.C.C. § 1-01-49(8) (" 'Person' means an individual, organization, government, political subdivision, or government agency or instrumentality."); see also N.D. Admin. Code § 92-01-02-49(1) (WSI-promulgated rule presuming employment but providing "common law" test to show independent contractor status). Moreover, N.D.C.C. § 65-05-06 states, "The payment of compensation or other benefits by the organization to an injured employee, or to the injured employee's dependents in case death has ensued, are in lieu of any and all claims for relief whatsoever against the employer of the injured or deceased employee."
[¶16] In both of the underlying cases, it is undisputed that the respondents applied for WSI benefits, WSI awarded benefits, the respondents accepted the benefits, and the WSI decisions awarding the claimants benefits have not been reconsidered, challenged, or reopened. In both of WSI's notices of decision accepting claim and awarding benefits sent to the respondents, the notices plainly state: "If a request for reconsideration is not received within 30 days, this decision will be final." See N.D.C.C. § 65-01-16(4) ("A party has thirty *548 days from the day the notice of decision was mailed by [WSI] in which to file a written request for reconsideration.... Absent a timely and sufficient request for reconsideration, the notice of decision is final and may not be reheard or appealed.").
[¶17] Under N.D.C.C. § 65-05-03, WSI has "full power and authority to hear and determine all questions within its jurisdiction, and its decisions, except as provided in chapter 65-10, are final and are entitled to the same faith and credit as a judgment of a court of record. " (Emphasis added.) WSI retains statutory authority to exercise continuing jurisdiction to reopen and review claims under N.D.C.C. § 65-05-04. Carlson v. Workforce Safety & Ins. , 2012 ND 203, ¶ 14, 821 N.W.2d 760 ; see also N.D.C.C. § 65-01-16(10) ("Any notice of decision, administrative order, or posthearing administrative order is subject to review and reopening under section 65-05-04."). Under N.D.C.C. § 65-05-04, WSI may "at any time, on its own motion or on application, ... review the award, and in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, may award compensation." There is no appeal from a WSI decision not to reopen a claim "after [its] order on the claim has become final." Id. Under this statute, "an unappealed WSI decision is res judicata unless WSI reopens the claim, but the res judicata effect extends only to matters adjudicated at the time of that decision." Drayton v. Workforce Safety & Ins. , 2008 ND 178, ¶ 14, 756 N.W.2d 320 (citation omitted).
[¶18] Res judicata is "broader than collateral estoppel and prohibits relitigation of claims that were raised or could have been raised in a prior proceeding between the same parties or their privies, and which were resolved by a final judgment in a court of competent jurisdiction." Cridland v. N.D. Workers Comp. Bureau , 1997 ND 223, ¶ 17, 571 N.W.2d 351 (emphasis added). "Administrative res judicata is the judicial doctrine of res judicata applied to an administrative proceeding." Id. at ¶ 18. "The doctrine of administrative res judicata prevents collateral attacks on administrative agency decisions and protects the parties from duplicative proceedings." Fischer v. N.D. Workers Comp. Bureau , 530 N.W.2d 344, 347 (N.D. 1995). While this Court has said administrative res judicata "contemplates agency action taken in an adjudicative or trial-type proceeding which resolves disputed issues the parties have had an adequate opportunity to litigate," Hector v. City of Fargo , 2014 ND 53, ¶ 26, 844 N.W.2d 542, we have also held that an administrative decision becomes final and cannot be collaterally attacked in another proceeding when a party fails to avail itself of a statutory remedy for appeal. See Sabo v. Job Serv. N.D. , 2019 ND 98, ¶ 7, 925 N.W.2d 437 ; Heasley v. Engen , 124 N.W.2d 398, 400 (N.D. 1963). Cf. Davis v. N.D. Workmen's Comp. Bureau , 317 N.W.2d 820, 822 (N.D. 1982) (holding that because claimant chose to directly appeal the Bureau's termination of his benefits to the district court rather than request a formal evidentiary hearing, he could not argue on appeal that he was improperly denied a formal hearing).
[¶19] Here, when WSI issued its decisions accepting the respondents' claims and awarding benefits, WSI necessarily decided both Davis and Songer Bail were Plains Trucking's employees and had sustained compensable injuries. The failure of anyone to request timely reconsideration of those decisions rendered them final, entitled "to the same faith and credit as a judgment of a court of record." N.D.C.C. § 65-05-03. Although respondents assert *549 they did not know or understand the legal significance of applying for and receiving WSI benefits, this Court has said that "[w]hen you intend the facts to which the law attaches a consequence, you must abide the consequence whether you intend it or not." Langer v. Pender , 2009 ND 51, ¶ 29, 764 N.W.2d 159 (quoting Matter of Estate of Duemeland , 528 N.W.2d 369, 371 (N.D. 1995) ). People are presumed to know the law. Meier v. Meier , 2014 ND 127, ¶ 9, 848 N.W.2d 253.
[¶20] We conclude administrative res judicata precludes the respondents' collateral attack on WSI's final decisions that Davis and Songer Bail were Plains Trucking's employees on the date of the injury. We therefore conclude the district court in the Davises' case erred in denying summary judgment to Plains Trucking on this issue. Because the district court in Songer Bail's case properly granted summary judgment on this issue, we deny Songer Bail's cross-petition for a supervisory writ.
B
[¶21] Plains Trucking argues both district courts erred in holding material fact questions remained for trial regarding whether Plains Trucking was an employer in compliance with N.D.C.C. ch. 65-04. Plains Trucking disputes the respondents' contentions that it violated N.D.C.C. §§ 65-09-01(1) and 65-04-33, because WSI in fact confirmed Plains Trucking had secured workers' compensation coverage and was making payments on the premium due.
[¶22] As discussed, N.D.C.C. § 65-09-01(1) provides that an employer who is in violation of the workers' compensation coverage requirements of N.D.C.C. § 65-04-33(1) or (2), or declared uninsured under N.D.C.C. § 65-04-22, "is not protected by the immunity from civil liability granted to employers under this title for injuries to that employer's employees for damages suffered by reason of injuries sustained in the course of employment." Section 65-09-01(2), N.D.C.C., also provides, in part, that WSI "may establish a procedure to determine whether a person is an employer required to obtain workers' compensation coverage under this title" and "retains continuing jurisdiction over determinations made under this section and may reconsider or revoke its decision at any time." Regarding the availability of "dual remedies," N.D.C.C. § 65-09-02 states:
An employee whose employer is in violation of section 65-04-33 , who has been injured in the course of employment, or the employee's dependents or legal representatives in case death has ensued, may file an application with the organization for an award of compensation under this title and in addition may maintain a civil action against the employer for damages resulting from the injury or death. In the action, the employer may not assert the common-law defenses of:
1. The fellow servant rule.
2. Assumption of risk.
3. Contributory negligence.
The organization is subrogated to the recovery made in the action against the uninsured employer. The subrogation interest is determined according to section 65-01-09, with the uninsured employer being the person other than the fund with a legal liability to pay damages with respect to the employee's injury or death. An injured employee, or the dependents of an employee who died as a result of a work-related accident, shall file the original claim for compensation within one year after the injury or within two years after the death. The organization shall notify the claimant and the employer that the matter is being processed under this chapter, and subsequently *550 shall hear and determine the application for compensation as it would for other claims before the organization. A determination by the organization that a person is not an employer required to obtain workforce safety and insurance coverage under this title is a defense to any claim that the person failed to obtain coverage for the time period during which the determination is effective.
(Emphasis added.)
[¶23] Section 65-04-33, N.D.C.C. (2012), provides the requirements and consequences for an employer's failure to secure workers' compensation coverage, and stated in relevant part:
1. An employer may not employ any person, or receive the fruits of the labor of any person, in a hazardous employment as defined in this title, without first applying for workforce safety and insurance coverage for the protection of employees by notifying the organization of the intended employment, the nature of the intended employment, and the estimated payroll expenditure for the coming twelve-month period.
2. An employer who willfully misrepresents to the organization or its representative the amount of payroll upon which a premium under this title is based, or who willfully fails to secure coverage for employees, is liable to the state in the amount of two thousand dollars plus three times the difference between the premium paid and the amount of premium the employer should have paid. The organization shall collect a penalty imposed under this subsection in a civil action in the name of the state, and the organization shall deposit a penalty collected under this subsection to the credit of the workforce safety and insurance fund. An employer who willfully misrepresents to the organization or its representative the amount of payroll upon which a premium under this title is based, or who willfully fails to secure coverage for employees, is guilty of a class A misdemeanor. If the premium due exceeds five hundred dollars, the penalty for willful failure to secure coverage or willful misrepresentation to the organization or its representative is a class C felony. If the employer is a corporation or a limited liability company, the president, secretary, treasurer, or person with primary responsibility is liable for the failure to secure workforce safety and insurance coverage under this subsection. In addition to the penalties prescribed by this subsection, the organization may initiate injunction proceedings as provided for in this title to enjoin an employer from unlawfully employing uninsured workers. The cost of an investigation under this subsection which results in a criminal conviction may be charged to the employer's account and collected by civil action.
(Emphasis added.)
[¶24] The plain language of N.D.C.C. § 65-04-33(2) provides that an employer who "willfully misrepresents" to WSI the amount of payroll upon which its premium is based "is liable to the state" for the specified penalty and the amount of the premium the employer should have paid, in addition to potential criminal penalties. This subsection also allows WSI to pursue a civil action and to initiate injunctive proceedings. Further, in providing an employee "whose employer is in violation of [ N.D.C.C. § 65-04-33 ]" with dual remedies, N.D.C.C. § 65-09-02 states the employee *551 "may file an application" with WSI for an award of compensation and "may maintain a civil action against the employer for damages." Section 65-09-02, N.D.C.C., further states, however, that WSI "shall notify the claimant and the employer that the matter is being processed under [N.D.C.C. ch. 65-09], and subsequently shall hear and determine the application for compensation as it would for other claims."
[¶25] In these cases, however, nothing in the record shows that WSI has determined that Plains Trucking is in violation of N.D.C.C. § 65-04-33, or that WSI has attempted to collect any additional premium. Also, the record does not show WSI gave notice to respondents and Plains Trucking that it processed the respondents' claims for benefits under N.D.C.C. ch. 65-09.
[¶26] Plains Trucking asserts WSI has never "asserted, determined, claimed, or in any matter suggested" that it willfully misrepresented to WSI any payroll information in violation of N.D.C.C. § 65-04-33(2). It also asserts that WSI has not investigated, audited, or determined Plains Trucking had incorrectly submitted its payroll report; that WSI has not suggested any premium calculation violation; and that WSI confirmed Plains Trucking was in compliance with WSI requirements. Plains Trucking argues N.D.C.C. § 65-04-33(2) does not provide a private cause of action and respondents' reliance on Vail , 2017 ND 202, 900 N.W.2d 271, is misplaced. Plains Trucking further argues the respondents were completely barred from any further recovery from it in a civil action after they received and accepted WSI benefits. See N.D.C.C. § 65-05-06 ("The payment of compensation or other benefits by [WSI] to an injured employee, or to the injured employee's dependents in case death has ensued, are in lieu of any and all claims for relief whatsoever against the employer of the injured or deceased employee.").
[¶27] Respondents contend, however, that even if Davis and Songer Bail were employees, Plains Trucking is a non-complying employer and does not have statutory immunity. They assert the evidence they submitted to the district courts in response to the summary judgment motions showed Plains Trucking's payroll reporting for 2013 was inaccurate and contained misrepresentations, thereby raising material fact issues about whether Plains Trucking violated N.D.C.C. § 65-04-33(2) and allowing respondents to pursue their "dual remedies" under N.D.C.C. § 65-09-02 for employer noncompliance. Relying on Vail , 2017 ND 202, ¶ 27, 900 N.W.2d 271, respondents argue this Court has held that an employer's failure to include wages of like-kind employees in its payroll report, if willful, constitutes a violation of N.D.C.C. § 65-04-33(2). They essentially contend that, under Vail , the district court has jurisdiction to decide whether N.D.C.C. § 65-04-33(2) was violated by finding both whether an employer has misrepresented to WSI the amount of payroll on which a premium was based and whether that misrepresentation was willful. Respondents' argument misconstrues the factual and procedure posture of Vail .
[¶28] In Vail , 2017 ND 202, 900 N.W.2d 271, this Court answered seven certified questions from the federal district court after Vail, individually and as trustee for WSI, brought a common law tort action against S/L Services for personal injuries she sustained while working for S/L Services. Id. at ¶¶ 1, 11. This Court ultimately concluded that the workers' compensation exclusive remedy provisions did not preclude her tort action against S/L Services under the provisions authorizing the action for willfully misrepresenting to WSI the amount of payroll upon which the premium *552 was based, or for willfully failing to secure workers' compensation coverage for employees. Id. at ¶¶ 1, 19-35 (applying N.D.C.C. §§ 65-04-33(2), 65-09-01, and 65-09-02 ).
[¶29] After S/L Services had paid its initial premium for workers' compensation coverage in North Dakota, Vail came to work as a welder's helper for S/L Services and suffered a workplace injury. Id. at ¶¶ 2-3. Although S/L Services had treated Vail as an independent contractor, she filed a claim with WSI for her injuries. Id. at ¶¶ 3-4. WSI subsequently awarded Vail benefits, determining S/L Services was an employer of Vail and any similarly situated workers. Id. at ¶ 5. S/L Services did not seek reconsideration of WSI's decision within thirty days. Id. WSI later issued S/L Services a premium billing statement, increasing the adjusted total wages and its premium billing to reflect WSI's earlier decision that Vail was an employee, which S/L Services paid. Id. at ¶ 7. WSI also sought additional premium from S/L Services for the other welder's helpers during the relevant premium periods. Id. at ¶ 9. S/L Services paid the additional premium. Id.
[¶30] In Vail , 2017 ND 202, ¶¶ 26-27, 900 N.W.2d 271, this Court answered question 3, which asked "whether there can be a violation of N.D.C.C. § 65-04-33(2) if S/L Services willfully failed to include the wages of other welder's helpers in its wage report for the initial premium period and whether Vail could rely upon that alone to support a claim that S/L Services lost its immunity from a common law suit for damages for Vail's workplace injury." This Court concluded:
On the facts recited by the federal court , we conclude S/L Services' failure to include the wages of other welder's helpers in its wage report for the initial premium period, if willful, can be a violation of N.D.C.C. § 65-04-33(2). Vail is in the category of workers identified as welder's helpers, and assuming S/L Services' conduct is willful, nothing in the plain language of our workers' compensation laws evidences an intent to allow S/L Services to assert immunity from a common law tort action for damages for her workplace injury under these circumstances. We answer "yes" to question 3.
Vail , at ¶ 27 (emphasis added).
[¶31] The crucial factual distinction in Vail is that WSI determined the employer had misrepresented the amount of the payroll on which its premium was based. Under the facts of Vail , we held the misrepresentations in the employer's wage reports, for which WSI subsequently sought and collected additional premiums, could constitute a violation of N.D.C.C. § 65-04-33(2) only if they were willful. In the present cases, however, the record does not reveal any WSI decision determining that Plains Trucking had misreported its payroll or owed any additional premiums for workers' compensation coverage during the relevant period. To the extent our decision in Vail suggests a district court may properly decide whether any misrepresentation was "willful," we need not address this issue to reach our decision in these cases.
[¶32] Here, respondents do not dispute that Plains Trucking paid a premium to WSI and had workers' compensation coverage in effect on March 27, 2013, the date of the explosion that killed Davis and injured Songer Bail. Rather, they contend Plains Trucking willfully misrepresented to WSI the payroll amount on which its premium had been based and that its 2013 payroll report was indisputably inaccurate and full of misrepresentations. They argue this was sufficient to raise material fact issues on whether Plains Trucking is entitled *553 to statutory immunity from the civil actions.
[¶33] In both cases, the material fact issues that the respondents seek to litigate in the courts are precisely the factual determinations the legislature has authorized WSI to make in collecting premiums for coverage and in deciding to award benefits. WSI has promulgated specific regulations for purposes of such factual and procedural determinations. See N.D. Admin. Code § 92-01-02-14 (procedure for penalizing employers accounts for failure to pay premium or failure to submit payroll reports); N.D. Admin. Code § 92-01-02-49 (determination of employment); N.D. Admin. Code § 92-01-02-49.1 (determination of employment status). This is particularly true with regard to whether Plains Trucking properly reported its payroll to WSI for purposes of the premium calculations to obtain workers' compensation coverage. We therefore conclude WSI must make the initial determination under N.D.C.C. § 65-04-33(2) that an employer has misrepresented to WSI the amount of payroll upon which its premium was based before an employee may pursue the dual remedy of a civil action under N.D.C.C. § 65-09-02.
[¶34] Because WSI has not determined that Plains Trucking misrepresented the amount of its payroll upon which its premium was based, as required to establish a violation of N.D.C.C. § 65-04-33(2), the respondents are not entitled to the dual remedies under N.D.C.C. § 65-09-02. We further conclude that Plains Trucking is immune from suit under the exclusive remedy provisions of our workers' compensation law and that the district court in each case erred in not granting Plains Trucking's motions for summary judgment.
[¶35] Accordingly, we grant Plains Trucking's petitions for supervisory writ in both cases and deny Songer Bail's petition in his case.
IV
[¶36] We issue a supervisory writ in both cases directing the district court in each to vacate the orders denying Plains Trucking summary judgment and to enter judgment granting Plains Trucking's motion for summary judgment in each case. We deny Songer Bail's cross-petition.
[¶37] Jerod E. Tufte
Daniel J. Crothers
Jon J. Jensen
Allan L. Schmalenberger, S.J.
Gerald W. VandeWalle, C.J.
[¶38] The Honorable Allan L. Schmalenberger, Surrogate Judge, sitting in place of McEvers, J., disqualified.